City of South Euclid, Appellant, v. Jemison, Appellee.

[Cite as South Euclid v. Jemison (1986), 28 Ohio St. 3d 157.]

(No. 85-1911—Decided December 26, 1986.)

*Bernard Mosesson,* prosecuting attorney, for appellant.

*Thomas Meros, George Mineff, Jr.* and *Charles F. Wochna,* for appellee.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Barbara A. Serve,* urging reversal for *amicus curiae,* Attorney General of Ohio.

SWEENEY, J. R.C. 4509.101, Ohio's "financial responsibility" law, became effective on January 1, 1984. (139 Ohio Laws, Part I, 679-686.) Shortly thereafter, several courts held certain provisions of the statute to be unconstitutional under the doctrine of separation of powers. See, *e.g., Dayton* v. *Strausbaugh* (1984), 10 Ohio Misc. 2d 29; and *Bur. of Motor Vehicles* v. *Hill* (1984), 12 Ohio Misc. 2d 7. In response, the General Assembly amended the statute to substantially its present form, effective August 1, 1984. (140 Ohio Laws, Part II, 4722, 4727.)

In the cause *sub judice,* R.C. 4509.101 is again assailed on constitutional grounds as being violative of the doctrine of separation of powers among the three co-equal branches of Ohio state government. While Ohio, unlike other jurisdictions, does not have a constitutional provision speci-

fying the concept of separation of powers, this doctrine is implicitly embedded in the entire framework of those sections of the Ohio Constitution that define the substance and scope of powers granted to the three branches of state government. See *State* v. *Harmon* (1877), 31 Ohio St. 250. See, also, *State, ex rel. Bryant,* v. *Akron Metro. Park Dist.* (1929), 120 Ohio St. 464. While no exact rule can be set forth for determining what powers of government may or may not be assigned by law to each branch, *Harmon, supra,* at 258, "* * * [i]t is nevertheless true, in the American theory of government, that each of the three grand divisions of the government, must be protected from encroachments by the others, so far that its integrity and independence may be preserved.* * *" *Fairview* v. *Giffee* (1905), 73 Ohio St. 183, 187.

The pertinent sections of the Ohio Constitution involved in the instant cause are Sections 1 and 3(B)(2) of Article IV.

Section 1, Article IV states:

"The judicial power of the state is vested in a supreme court, courts of appeals, courts of common pleas and divisions thereof, and such other courts inferior to the supreme court as may from time to time be established by law."[1]

Section 3(B)(2), Article IV provides:

"Courts of appeals shall have such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district and shall have such appellate jurisdiction as may be provided by law to review and affirm, modify, or reverse final orders or actions of administrative officers or agencies."

Defendant-appellee contends, and the court of appeals below agreed, that certain provisions of R.C. 4509.101 violate the separation of powers doctrine by, in effect, allowing appeal of a court-ordered license suspension to the Registrar of Motor Vehicles.

In reviewing the scope of the statute in issue, it appears that division (A) of the statute defines the requirement of financial responsibility, the civil penalties to which violators are subject, and the persons who are subject to the statute.

Division (B) of R.C. 4509.101 deals specifically with defendants who appear in court and gives the trial court discretion to determine whether proof of financial responsibility has been satisfied under the statute. In those instances where a defendant either pleads or is found guilty of a traffic violation specified under Traf. R. 13(B), and where defendant fails to verify proof of financial responsibility, the court is required pursuant to R.C. 4509.101(B)(1) to do the following:

---

[1] Pursuant to this constitutional provision, the General Assembly promulgated R.C. Chapter 1901 which creates and provides for the powers and jurisdiction of municipal courts within the state of Ohio.

"(a) If the defendant is the owner of the motor vehicle, order the suspension and impoundment required under division (A)(2)(b) of this section;

"(b) Order the suspension and impoundment of the license of the defendant required under division (A)(2)(a) of this section;

"(c) Impose court costs, to be paid by the defendant, in an amount not to exceed fifteen dollars;

"(d) If a referee's report finds that the defendant has failed to verify proof of financial responsibility, the trial judge may sign a judgment entry imposing the suspensions required under division (A)(2) of this section at any time after the filing of the report with the clerk. Proceedings under this section are deemed special, summary statutory proceedings."

Clearly, the sanctions set forth above are equivalent to court orders, and are imposed when the court determines that the defendant has failed to establish financial responsibility at the time of the traffic offense. Once the court orders a suspension pursuant to this section, the defendant has five days to surrender his or her certificate of registration, registration plates, or license to the court.

After an order is entered, R.C. 4509.101(B)(2)(b) provides:

"The clerk of courts shall notify the registrar of the court's order, identify any defendant who is not in compliance with an order, identify any defendant who has not been found guilty of the traffic offense charged, unless such defendant has been permitted by the court to voluntarily present proof of financial responsibility establishing to the satisfaction of the court that the operation of the motor vehicle was covered by proof of financial responsibility, or who has forfeited bond or failed to appear on such a charge, identify any owner who is not the defendant but whose motor vehicle was being driven by the defendant at the time of the traffic offense, and send to the registrar any certificates of registration, registration plates, and licenses that it has received."

Appellee argues, and the court of appeals held, that the foregoing statutory provision is unconstitutional because it requires the court and its clerk to act as the *de facto* agents of the registrar to perform purely administrative functions.

In any event, the purpose of the notification set forth in the foregoing section is delineated in R.C. 4509.101(B)(3)(a), and provides as follows:

"In the case of an owner *or defendant* who has been identified in a court's notice to the registrar under division (B)(2)(b) of this section, the registrar shall notify the person that he must present the registrar with proof of financial responsibility in accordance with this section, surrender to the registrar his certificate of registration, registration plates, and license, *or submit a statement subject to section 2921.13 of the Revised Code that he did not operate or permit the operation of the motor vehicle at the time of the offense and has not failed to appear in court on the charge of the traffic offense.* Notification shall be in writing, and sent by certified mail to the person at his last known address as shown on the records of the bureau

of motor vehicles. The person shall, within fifteen days after the date of the mailing of such notification, present such proof of financial responsibility, surrender such certificate of registration, registration plates, and license to the registrar in a manner set forth in division (A)(4) of this section or submit the statement required under this section together with such other information as the person considers appropriate. *The registrar shall make an investigation to determine, upon the basis of the statement and information submitted by the person and such other evidence that the registrar may require from the person or discover in the course of the investigation, whether there is a reasonable basis for believing that the person has operated or permitted the operation of the motor vehicle at the time of the traffic offense without the operation being covered by proof of financial responsibility. If the registrar determines that such a reasonable basis exists, the registrar shall afford the person an opportunity for hearing, after due notice of the time and place for hearing given to the person in accordance with the provisions of this section, to determine whether the person has violated division (A) of this section.*" (Emphasis added.)

The court of appeals found the above-emphasized language to also be violative of the constitutional doctrine of separation of powers in that it, in effect, gives the registrar appellate review of the trial court's suspension order. In addition, the appellate court found the same constitutional infirmity present in R.C. 4509.101(D), where it provides:

"*Any order of suspension* or impoundment *issued under this section* or division (B) of section 4509.37 of the Revised Code *may be terminated at any time if the registrar determines upon a showing of proof of financial responsibility that the operator or owner of the motor vehicle was in compliance with division (A)(1) of this section* at the time of the traffic offense or accident which resulted in the order against the person. Such a determination may be made without a hearing. This division does not apply unless the person shows good cause for the person's failure to present satisfactory proof of financial responsibility to the court or registrar prior to the issuance of the order." (Emphasis added.)

In determining the constitutionality of legislative enactments such as the one in the cause *sub judice,* we begin with the principle that all legislative enactments enjoy a presumption of constitutionality. See, *e.g., State, ex rel. Dickman,* v. *Defenbacher* (1955), 164 Ohio St. 142 [57 O.O. 134], paragraph one of the syllabus.

Nevertheless, while we acknowledge the laudable aims of the financial responsibility statute, we believe that R.C. 4509.101(B)(3)(a) and (D) cannot withstand constitutional scrutiny under the separation of powers doctrine, because they clearly grant appellate review to an executive administrator, in a manner that conflicts with the constitutional powers of the courts of appeals.

As noted by Judge Ann McManamon in her well-reasoned opinion in the court of appeals below, two constitutional defects are immediately

apparent from a close reading of R.C. 4509.101(B)(3)(a). First, although a trial court may conclude that a defendant was in violation of R.C. 4509.101, the Registrar of Motor Vehicles is empowered to accept a statement from the defendant which may expressly contradict the findings of the court. Thus, a court might conclude that a defendant operated or permitted the operation of a motor vehicle without appropriate financial responsibility at the time of the traffic offense. Nevertheless, the defendant may elect to file with the registrar a statement contesting the court's finding, and the registrar is empowered to determine "whether there is a reasonable basis for believing" the truth of the offense which was previously determined by the trial court.

Second, even if "the registrar determines that such a reasonable basis exists" for the trial court to have concluded that the defendant failed to demonstrate proof of financial responsibility, the registrar nevertheless "shall afford the person an opportunity for hearing * * * [in order] to determine whether the person has violated division (A) of this section." Such, we believe, clearly allows appellate review by the registrar, and therefore violates the doctrine of separation of powers, because it permits the registrar to review and possibly reverse or vacate a prior court order.

We further find that division (D) of R.C. 4509.101 presents the same constitutional infirmity discussed above because it grants the registrar the ability to terminate a court-ordered suspension. Therefore, we find that this section also violates the constitutional doctrine of separation of powers.

It is argued that the absence of the word "appeal" in either division (B)(3)(a) or (D), is significant, and that therefore the General Assembly did not confer appellate review of court-ordered suspensions to the registrar. We find this assertion to be totally devoid of merit because a careful reading of these provisions reveals otherwise. To adopt appellant's reasoning in this vein would simply be exalting form over substance.

Our research indicates that it has long been recognized in this state that the doctrine of separation of powers precludes the General Assembly from conferring appellate jurisdiction upon an administrative agent or agency from a decision rendered by an Ohio court. As we held in *State, ex rel. Shafer,* v. *Otter* (1922), 106 Ohio St. 415, paragraph four of the syllabus:

"[Statutory sections in which] * * * the legislature attempted therein to confer appellate jurisdiction upon an administrative officer or an administrative board, from the court of common pleas, violate the provision of Section 1, Article IV, 'The judicial power of the state is vested in a supreme court, court[s] of appeals, courts of common pleas, courts of probate, and such other *courts* inferior to the courts of appeals, as may from time to time be established by law,' and to that extent are void." (Emphasis *sic.*)

Notwithstanding our decision in *Otter, supra,* appellant argues that

R.C. 4509.101 does not violate Section 1, Article IV of the Ohio Constitution. It is appellant's contention that since the phrase "established by law" has been construed in *State, ex rel. Ramey,* v. *Davis* (1929), 119 Ohio St. 596, to mean established by the General Assembly, then the legislature possesses the power to define the jurisdiction of a municipal court. This argument, however, confuses jurisdiction with separation of powers. While the General Assembly may confer the municipal courts with jurisdiction over questions of financial responsibility, we believe that the statutory provisions violate the doctrine of separation of powers because they permit the registrar "appellate" review of a final factual finding made by the trial court, *i.e.,* that the defendant was not financially responsible pursuant to the statute at the time the traffic offense was committed.

Accordingly, we affirm that part of the court of appeals' decision finding R.C. 4509.101(B)(3)(a) and (D) as unconstitutional under the doctrine of separation of powers.[2]

With regard to the other constitutional infirmity alleged in the instant cause, the court of appeals below relied on our prior pronouncement in *Thompson* v. *Redington* (1915), 92 Ohio St. 101, and held R.C. 4509.101 (B)(2)(b) to be violative of the separation of powers doctrine, because this section assigned to the judiciary duties other than those that are properly judicial, to be performed in a judicial manner. The appellate court opined that this section is also unconstitutional because it makes the courts "the *de facto* agents of the Registrar."

While we appreciate the concerns raised by appellee and the court of

---

[2] It is interesting to note that under R.C. 4509.101 as written, courts of common pleas may ultimately review municipal court judgments in contravention of Section 4(B), Article IV of the Ohio Constitution, the Modern Courts Amendment.

As noted in *Kohut* v. *Vance* (1970), 22 Ohio App. 2d 205 [51 O.O.2d 403], common pleas courts were divested of jurisdiction to hear appeals taken from municipal courts as a result of the Modern Courts Amendment. See *Euclid* v. *Heaton* (1968), 15 Ohio St. 2d 65 [44 O.O.2d 50]. Nevertheless, in its current form, R.C. 4509.101 creates an indirect avenue to obtain such review in the following manner:

Once the Registrar of Motor Vehicles purports to "review" a finding of financial responsibility made by a municipal court, that determination is appealable pursuant to R.C. 119.12, which allows appeals from final determinations of administrative agencies to the courts of common pleas. Thus, once the registrar reviews a financial responsibility determination rendered by a municipal court, the registrar's determination would be reviewable in common pleas court, contrary to the Modern Courts Amendment.

In addition, R.C. 4509.101 can create the anomalous situation where a court of common pleas could ultimately review its own decision on appeal without constitutional authority. Such a result is possible because the common pleas courts, like municipal courts, are responsible for enforcing R.C. 4509.101. Thus, in a vehicular homicide case under R.C. 2903.06 or 2903.07, the court of common pleas is required to inquire about the financial responsibility of the defendant. Pursuant to the unconstitutional portions of R.C. 4509.101, that determination could be reviewed by the registrar, whose decision under R.C. 119.12 would in turn be reviewable by the court of common pleas. Thus, it would enable the common pleas court to conduct an appeal in relation to its own previously issued judgment. Clearly, such review is unprecedented, as well as unauthorized under the Ohio Constitution.

appeals with respect to this section of the statute, we are not persuaded that this provision violates the separation of powers doctrine. In our view, this provision does nothing more than promote cooperation between the clerk of courts and the Registrar of Motor Vehicles, whereby the clerk assists the registrar in enforcing the financial responsibility law. While this statutory provision imposes a duty on the clerk of courts to report certain results to the registrar, the registrar has no authority to determine the results reported. In amending R.C. 4509.101 in response to the constitutional infirmities found by trial courts (*e.g., Dayton v. Strausbaugh, supra*), the legislature was meticulous in redrafting portions of the statute in order to purge any appearances of an agency relationship between the courts and the registrar. We believe that in its present form, R.C. 4509.101(B)(2)(b) merely establishes a cooperative venture between the clerk of courts and the Registrar of Motor Vehicles, and not an agency or *de facto* agency relationship, as alleged by appellee and endorsed by the appellate court below. Thus, we reverse that part of the court of appeals' decision finding this statutory provision to be constitutionally invalid.

Therefore, based on our foregoing analysis of the statute, as well as our prior decision in *Otter, supra,* we hold that R.C. 4509.101 is unconstitutional under the doctrine of separation of powers, insofar as its effect is to permit an appeal of a decision of a trial court to the Registrar of Motor Vehicles.

In light of our holding today, our final inquiry concerns whether the unconstitutional provisions of R.C. 4509.101 (*i.e.,* provisions [B][3][a] and [D]) are severable from the remainder of the statute. In this regard, R.C. 1.50 states:

"If any provisions of a section of the Revised Code or the application thereof to any person or circumstance is held invalid, the invalidity does not affect other provisions or applications of the section or related sections which can be given effect without the invalid provision or application, and to this end the provisions are severable."

Based on the standards discussed in *Geiger* v. *Geiger* (1927), 117 Ohio St. 451, 466, we find that the unconstitutional portions of R.C. 4509.101 are indeed severable from the rest of the statute. While the General Assembly may wish to amend portions of the statute given our holding herein, we do not believe that the unconstitutional parts of the statute are so interconnected with the general scope of the whole statute as to make it impossible to give effect to the apparent intention of the legislature with the offending portions removed. Thus, pursuant to R.C. 1.50, we find that the unconstitutional portions of R.C. 4509.101 are severable from the remainder of the statute.

Therefore, based on our reasoning heretofore stated, the judgment of the court of appeals is affirmed, except for that portion of the opinion that attempts to invalidate R.C. 4509.101(B)(2)(b). With respect to that section, the court of appeals' judgment is reversed, and the entire cause is

remanded to the trial court for further proceedings in accordance with this opinion.

*Judgment accordingly.*

CELEBREZZE, C.J., LOCHER, HOLMES and C. BROWN, JJ., concur.

WRIGHT, J., concurs in the syllabus and judgment only.

DOUGLAS, J., dissents.