~
## State v. Martin
## Case No. 11755

**Montgomery County, (2nd)
Decided January 19, 1990**
[Cite as 1 AOA 37]

*Jerome B. Bohman, 1314 Talbott Tower, Dayton OH 45402, Attorney for Plaintiff-Appellee*

*Joe Cloud, Prosecuting Attorney for City of Vandalia, 333 James E. Bohanan Mem. Drive, Vandalia, OH 45377, Attorney for Defendant-Appellant*

FAIN, J.

Defendant-appellant Michael A. Martin appeals from the suspension of his driver's license pursuant to R.C. 4509.101 (B) (1). Martin contends that the statutory provision singling out persons who commit certain traffic offenses for enforcement of the financial responsibility requirements set forth in R.C. 4509.101 (A) violates the equal protection clauses of both the United States and Ohio constitutions.

We conclude that the constitutionality of these provisions is governed by the "rational basis" test, and that there is a rational basis for singling out persons accused of relatively serious traffic offenses for enforcement of statutory financial responsibility requirements. Accordingly, the judgment of the trial court will be affirmed.

I

Martin was charged with operating a motor vehicle with a prohibited concentration of alcohol in his breath, in violation of R.C. 4511.19. This is one of the traffic offenses listed in Traf. R. 13(B), which lists certain relatively serious traffic offenses that require disposition by a traffic court, rather than by a traffic violations bureau.

Pursuant to R.C. 4509.101(B) (1), Martin was required to verify the existence of proof of financial responsibility covering the operation of his vehicle at the time of his offense.

Martin entered a conditional plea of guilty to the offense, and was placed on diversion. Because Martin was unable to prove financial

responsibility with respect to the vehicle that he was operating at the time of the offense, in accordance with R.C. 4509.101(A) (1), his license was suspended for ninety (90) days in accordance with R.C. 4511.101(A) (2).

From the suspension of his license, Martin appeals.

## II

Martin's sole Assignment of Error is as follows:

> THE LOWER COURT ERRED IN SUSPENDING THE DEFENDANT'S DRIVING PRIVILEGES AND FORFEITING HIS CERTIFICATE OF REGISTRATION BECAUSE SECTION 4509.101(B) (1) OF THE OHIO REVISED CODE IS UNCONSTITUTIONAL FOR REASON THAT IT DENIES EQUAL PROTECTION OF THE LAW TO THE DEFENDANT AS PROVIDED FOR BY ARTICLE 1, SECTION 2, OF THE OHIO BILL OF RIGHTS AND THE FOURTEENTH AMENDMENT TO THE CONSTITUTION OF THE UNITED STATES.

Martin contends that the statutory provisions pursuant to which his license was suspended violate the equal protection clauses of the United States and Ohio Constitutions (the Fourteenth Amendment to the Constitution of the United States and Article I, Section 2 of the Ohio Constitution) because those provisions single out for enforcement a limited class of persons, and there is no rational basis for that classification.

To begin with, Martin's argument is suspect because he may well not be a member of the class that he contends is unconstitutionally singled out. Martin contends that R.C. 4509.101(D) is unconstitutional in that it requires those persons who plead guilty or are found guilty of a violation listed in Traf. R. 13(B) to verify existence of proof of financial responsibility, and mandates the court to suspend such a defendant's license if the defendant fails to verify existence of proof of financial responsibility. Martin says in his brief that he has no quarrel with the universal requirement in R.C. 4509.101(A), that all motorists are subject to the financial responsibility requirements, and are subject to a civil penalty of a ninety (90) day license suspension for violation of those requirements.

Martin contends that the equal protection violation arises from the provision in R.C. 4509.101(B) that those persons who are charged with certain serious traffic offenses are singled out for enforcement of the requirement set forth in R.C. 4509.101(A) and, if a member of that class is adjudicated guilty of such an offense, the trial court is mandated to apply the sanction as part of the proceedings in the traffic court.

Although Martin was charged with one of the offenses specified in Traf. R. 13(B), he has not been unconditionally adjudicated to be guilty of such an offense. Therefore, he is not within the scope of the mandate contained in R.C. 4509.101(B) that requires the traffic court to suspend his license. He is, however, within the scope of the requirement in that section that he must affirmatively prove his financial responsibility.

The State cites *South Euclid v. Jemison* (1986), 28 Ohio St. 3d 157; *Columbus v. Haught* (1987), 38 Ohio App. 3d 25; and *In Re the Matter of Brian L. Earley v. Department of Highway Safety, Bureau of Motor Vehicles* (Oct. 6, 1987), Greene App. No. 86-CA-38, unreported, for the proposition that R.C. 4509.101(B) has already been determined to be constitutional. However, we have reviewed those cases and we conclude that the equal protection argument raised by Martin was not at issue in any of those cases.

With respect to the merits of Martin's equal protection argument, we have difficulty following his argument. He apparently recognizes that the equal protection issue in this case is governed by the "rational basis" test as described in *San Antonio Independent School District v. Rodriguez* (1973), 411 U.S. 1. Martin seems to be arguing that the statute has no rational basis because those persons upon whom its sanctions are imposed, being unable to drive even to and from work for a ninety-day period, will lose their jobs, and thereby be unable to obtain insurance. At one point in his brief, Martin declares: "This [R.C. 4509.101] is obviously a statute created for the sole purpose of causing a large segment of our population to be permanently uninsured."

We suspect that the Ohio General Assembly would be surprised to learn that its sole purpose in enacting R.C. 4509.101 was to cause a large segment of the motoring public to be uninsured. Indeed, it would appear that the General Assembly's purpose was to encourage motorists either to have liability insurance or otherwise to be able to respond in damages for any accidents that they might cause.

Essentially, Martin is contending that the sanction imposed is overly harsh because it does not allow driving privileges to and from work. It should be noted that this sanction is imposed uniformly with respect to all persons who fail to comply with the financial responsibility requirements. R.C. 4509.101(A) (2).

We are not convinced that the sanction of which Martin complains is unduly harsh. We would hope that employees would be able to find other means of getting to and from work during the ninety-day period of their license suspension.

In any event, the issue that Martin raises is an equal protection issue. The question is whether the legislature has a rational basis for singling out persons charged with traffic offenses for the requirement that such persons come forward and affirmatively prove their compliance with the financial responsibility requirements set forth in R.C. 4509.1010(A). The General Assembly may well have recognized the administrative difficulty of monitoring the compliance of all Ohio motorists with financial responsibility requirements. It would seem to be eminently reasonable for the General Assembly to determine, as it evidently has, that at least those persons who are accused of certain relatively serious traffic offenses should be required to show that they have complied with financial responsibility requirements, since such persons have already demonstrated a propensity to cause injury to other motorists for which they may be held liable.

We conclude that there is a rational basis for singling out persons accused of relatively serious traffic offenses for the requirement that such persons must affirmatively demonstrate compliance with financial responsibility requirements.

Martin's sole Assignment of Error is overruled.

### III

Martin's sole Assignment of Error having been overruled, the judgment of the trial court will be affirmed.

BROGAN and WILSON, JJ., concur.