DECISION AND JUDGMENT ENTRY
{¶ 1} Ralph Coburn appeals the judgment of the Ross County Common Pleas Court overruling his constitutional challenges to his reclassification as a Tier III sex offender under R.C. 2950, as amended by Senate Bill 10 ("SB 10"). On appeal, Coburn contends that SB 10 violates the Ex Post Facto Clause of the United States Constitution and the prohibition against retroactive laws contained in the Ohio Constitution. Because R.C. Chapter 2950 remains civil in nature, and not punitive, we disagree. Coburn next contends that SB 10 violates the separation of powers. Because SB 10 does not impose on judicial powers, we disagree. Finally, Coburn contends that the residency restrictions contained in SB 10 violate his right to due process of law. Because Coburn failed to raise this argument in the trial court, we find that he has forfeited his right to raise it for the first time on appeal. In addition, Coburn has not shown that he has *Page 2 
standing to challenge the constitutionality of the residency restriction. Accordingly, we affirm the judgment of the trial court.
 I. {¶ 2} The Adams County Court of Common Pleas convicted Coburn of two counts of sexual battery in August 2003. It further classified Coburn as a sexually oriented offender under the previous sex offender classification scheme.
 {¶ 3} While incarcerated by the state in Ross County, Coburn received a NOTICE OF NEW CLASSIFICATION AND REGISTRATION DUTIES from the Office of the Ohio Attorney General. The notice stated that he was reclassified as a Tier III sex offender pursuant to SB 10, effective January 1, 2008. On February 13, 2008, Coburn filed a petition to contest his reclassification as a Tier III sex offender, pursuant to R.C. 2905.031(E) challenging the constitutionality of SB 10. Specifically, Coburn argued that SB 10 violated the separation of powers principle, the prohibition against retroactive/ex post facto laws and double jeopardy.
 {¶ 4} Coburn moved for the appointment of counsel to represent him during the reclassification hearing. The trial court denied Coburn's request for counsel. Following a hearing, the trial court overruled Coburn's constitutional challenges to SB 10 and found that SB 10 did not except him from community notification requirements.
 {¶ 5} Coburn now appeals and asserts the following four assignments of error: (I) "THE RECLASSIFICATION OF APPELLANT CONSTITUTES A VIOLATION OF SEPARATION OF POWER' [SIC] DOCTRINE.[;] (II) "THE RETROACTIVE APPLICATION OF SB10 VIOLATES THE PROHIBITION ON EX POST FACTO LAWS[;]" (III) THE APPLICATION OF SB10 TO APPELLANT VIOLATES THE *Page 3 
PROHIBITION ON RETROACTIVE LAWS[;]" and (IV) THE RESIDENCY RESTRICTIONS OF SB10 VIOLATES DUE PROCESS."
 II. {¶ 6} Coburn does not dispute the facts as applied to these constitutional provisions and SB 10. Instead, Coburn contends that SB 10 violates various constitutional provisions. His arguments involve the interpretation of these constitutional provisions as they relate to SB 10. Hence, his arguments are all legal questions that we review de novo. See, e.g., State v. Downing, Franklin App. No. 08AP-48, 2008-Ohio-4463, ¶ 6, citing Stuller v. Price, Franklin App. No. 03AP-30, 2003-Ohio-6826, ¶ 14;State v. Green, Lawrence App. No. 07CA33, 2008-Ohio-2284, ¶ 7.
 {¶ 7} Statutes enacted in Ohio are "presumed to be constitutional."State v. Ferguson, 120 Ohio St.3d 7, 2008-Ohio-4824, ¶ 12, citingState ex rel. Jackman v. Cuyahoga Cty. Court of Common Pleas (1967),9 Ohio St.2d 159. This presumption remains until one challenging a statute's constitutionality shows, "beyond reasonable doubt, that the statute is unconstitutional." Id., citing Roosevelt Properties Co. v.Kinney (1984), 12 Ohio St.3d 7.
 III. {¶ 8} In Coburn's second and third assignments of error, he contends that SB 10's retroactive application violates the United States Constitution's prohibition on ex post facto laws and the Ohio Constitution's prohibition on retroactive laws.
 {¶ 9} Statutes enacted in Ohio are "presumed to be constitutional."Ferguson at ¶ 12, citing State ex rel. Jackman v. Cuyahoga Cty. Court ofCommon Pleas (1967), 9 Ohio St.2d 159. This presumption remains until one challenging a statute's *Page 4 
constitutionality shows, "beyond reasonable doubt, that the statute is unconstitutional." Id., citing Roosevelt Properties Co. v. Kinney
(1984), 12 Ohio St.3d 7.
 {¶ 10} However, "[t]he general assembly shall have no power to pass retroactive laws * * *." Section 28, Article I of the Ohio Constitution. A retroactive statute is unconstitutional if it "impairs vested substantive rights, but not if it is merely remedial in nature."Hyle v. Porter, 117 Ohio St.3d 165, 2008-Ohio-542, ¶ 7, citing State v.Consilio, 114 Ohio St.3d 295, 2007-Ohio-4163. As noted by the Supreme Court of Ohio, "Ohio retroactivity analysis does not prohibit all increased burdens; it prohibits only increased punishment."Ferguson at ¶ 39.
 {¶ 11} In determining whether a statute is unconstitutionally retroactive, courts must "first determine whether the General Assembly expressly made the statute retrospective[,]" and if so, courts must then determine "whether the statute restricts a substantive right or is remedial." Id. at ¶ 13. (Citations omitted.) In considering the first prong, we note that "[statutes are presumed to apply only prospectively unless the General Assembly specifically indicates that a statute applies retrospectively." Id. at ¶ 16, citing R.C. 1.48; Doe v.Archdiocese of Cincinnati, 109 Ohio St.3d 491, 2006-Ohio-2625, ¶ 40. Typically, a statute must clearly state that it applies retroactively. Id.
 {¶ 12} This court has previously determined that the legislature intended to apply the tier classification set forth in SB 10 retroactively. State v. Graves, Ross App. No. 07CA3004, 2008-Ohio-5763, ¶¶ 9-10; State v. Netherland, Ross App. No. 08CA3043, 2008-Ohio-7007, ¶ 30;State v. Randlett, Ross App. No. 08CA3046, 2009-Ohio-; State v.Linville, Ross App. No. 08CA3051, 2009-Ohio-; State v. Messer, Ross App. No. 08CA3050, 2009-Ohio-; see, also, State v. Byers, Columbiana App. *Page 5 
No. 07CA39, 2008-Ohio-5051, ¶¶ 59-63. Further, this court has also concluded that the SB 10 version of R.C. Chapter 2905 is civil in nature.Graves, supra; Netherland, supra; Randlett, supra; Linville, supra;Messer, supra; State v. Longpre, Ross App. No. 08CA3017, 2008-Ohio-3832, ¶ 15. We find no reason to reassess our determinations at this time.
 {¶ 13} Accordingly, we overrule Coburn's second and third assignments of error.
 IV. {¶ 14} In his first assignment of error, Coburn contends that SB 10 violates the separation of powers doctrine inherent in Ohio's Constitution.
 {¶ 15} Initially, it must be noted that a statute violating "the doctrine of separation of powers is unconstitutional." State ex rel.Ohio Academy of Trial Lawyers v. Sheward, 86 Ohio St.3d 451, 475,1999-Ohio-123. "The separation of powers doctrine implicitly arises from our tripartite democratic form of government and recognizes that the executive, legislative, and judicial branches of our government have their own unique powers and duties that are separate and apart from the others." State v. Thompson, 92 Ohio St.3d 584, 586, 2001-Ohio-1288, citing Zanesville v. Zanesville Tel. Telegraph Co. (1900),63 Ohio St. 442. The doctrine's purpose "is to create a system of checks and balances so that each branch maintains its integrity and independence." Id., citing State v. Hochhausler (1996), 76 Ohio St.3d 455; S. Euclid v.Jemison (1986), 28 Ohio St.3d 157.
 {¶ 16} Pursuant to the Ohio Constitution, "the General Assembly is vested with the power to make laws." Id., citing Section 1, Article II, Ohio Constitution. The Ohio General Assembly is prohibited "from exercising `any judicial power, not herein *Page 6 
expressly conferred.'" Id., citing Section 32, Article II, Ohio Constitution. Courts, on the other hand, "possess all powers necessary to secure and safeguard the free and untrammeled exercise of their judicial functions and cannot be directed, controlled or impeded therein by other branches of the government." Id. (Citations omitted.)
 {¶ 17} Coburn first contends that SB 10 legislatively requires the Attorney General, an executive branch official, to overrule a final judicial order determining his sex offender classification. This court and other Ohio courts have rejected such a contention.Netherland, supra; Randlett, supra; Linville, supra; Messer, supra; see, also, In re Smith, Allen App. No. 1 07 58, 2008-Ohio-3234;Byers, supra; Slagle v. State, 145 Ohio Misc.2d 98, 2008-Ohio-593.
 {¶ 18} Because Coburn's sex offender classification is nothing more than a collateral consequence arising from his criminal conduct, and because Coburn has no reasonable expectation that his "criminal conduct would not be subject to future versions of R.C. Chapter 2950," it cannot be said that SB 10 abrogates final judicial determinations.Randlett, supra; Linville, supra; Messer, supra; see also,Ferguson at ¶ 34; State v. King, Miami App. No. 08-CA02, 2008-Ohio-2594, ¶ 33.
 {¶ 19} Further, SB 10 does not interfere with the judiciary's power to sentence a sex offender because it is not criminal or punitive in nature. Ferguson at ¶ 32; Randlett, supra; Linville, supra;Messer, supra; Graves, supra; Longpre, supra. Because SB 10 is civil and remedial in nature, it does not interfere with a court's power to impose a sentence. Id. See, also, State v. Swank, Lake App. No. 2008 L 019,2008-Ohio-6059, ¶ 99.
 {¶ 20} Accordingly, we overrule Coburn's first assignment of error. *Page 7 
 V. {¶ 21} In his fourth assignment of error, Coburn contends that the residency restrictions set forth in SB 10 violate his right to due process. Coburn asserts that such restrictions infringe on his right to live where he chooses. Coburn did not assert this argument in the trial court, and thus, he has forfeited his right to raise it for the first time on appeal. In addition, the record fails to show Coburn's standing to assert this argument by demonstrating present harm, or that the argument is ripe for review.
 {¶ 22} R.C. 2950.034(A), as amended by SB 10, provides that "[n]o person who has been convicted of, is convicted of, has pleaded guilty to, or pleads guilty to a sexually oriented offense or a child-victim oriented offense shall establish a residence or occupy residential premises within one thousand feet of any school premises or preschool or child day-care center premises." The Supreme Court of Ohio holds that this provision "was not expressly made retrospective," and thus, "does not apply to an offender who bought his home and committed his offense before the effective date of the statute." Hyle at syllabus.
 {¶ 23} Here, however, there is no evidence that Coburn owns a home at all, or, if he does, whether it falls within 1,000 feet of a school, preschool or day-care center. Instead, all this court knows about Coburn's current residence is that he is incarcerated by the state of Ohio.
 {¶ 24} Ohio courts hold that, where the offender does not presently claim to reside "within 1,000 feet of a school, or that he was forced to move from an area because of his proximity to a school[,]" the offender "lacks standing to challenge the constitutionality" of the residency restrictions. State v. Peak, Cuyahoga App. *Page 8 
No. 90255, 2008-Ohio-3448, ¶¶ 8-9; see, also, State v. Pierce, Cuyahoga App. No. 88470, 2007-Ohio-3665, ¶ 33; State v. Amos, Cuyahoga App. No. 89855,2008-Ohio-1834; Coston v. Petro (S.D. Ohio 2005), 398 F.Supp.2d 878,882-883. "The constitutionality of a state statute may not be brought into question by one who is not within the class against whom the operation of the statute is alleged to have been unconstitutionally applied and who has not been injured by its alleged unconstitutional provision.'" Pierce at ¶ 33, citing State v. Brown, Cuyahoga App. No. 86577, 2006-Ohio-4584, quoting Palazzi v. Estate of Gardner (1987),32 Ohio St.3d 169, syllabus.
 {¶ 25} Further, where an offender "is currently in prison," that offender is not presently subject to the residency restrictions, resulting in no present harm being inflicted on the offender. State v.Freer, Cuyahoga App. No. 89392, 2008-Ohio-1257, ¶¶ 29-30. In such instances, Ohio courts have dismissed due process challenges to the residency restrictions on the grounds that such issue was not ripe for review. Id. at ¶ 30.
 {¶ 26} Therefore, we find that Coburn has also failed to show standing to challenge the constitutionality of the residency restriction contained in R.C. 2950.034, or that the claim is ripe for review.
 {¶ 27} Accordingly, we overrule Coburn's fourth assignment of error
 VI. {¶ 28} Having overruled all of Coburn's assignments of error, we affirm the judgment of the trial court.
 JUDGMENT AFFIRMED. *Page 9 
 JUDGMENT ENTRY
It is ordered that this JUDGMENT BE AFFIRMED and Appellant shall pay the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 for the Rules of Appellate Procedure. Exceptions.
Harsha, J.: Concurs in Judgment and Opinion to Assignments of Error I, III and IV.
Concurs in Judgment Only to Assignment of Error II.
 Abele, J.: Concurs in Judgment and Opinion. *Page 1