OPINION *Page 2 
{¶ 1} Defendant-Appellant, David F. Downing Jr., appeals the judgment of the Logan County Court of Common Pleas upholding his reclassification as a Tier II sexual offender pursuant to Senate Bill 10. On appeal, Downing argues that the trial court erred in finding his sexual offender reclassification under Senate Bill 10 ("S.B. 10") to be constitutional, as the application of S.B. 10 to his case violates the prohibition on ex post facto laws under the United States Constitution, the prohibition on retroactive laws under the Ohio Constitution, the separation of powers doctrine under the Ohio Constitution, the Double Jeopardy Clauses of the United States and Ohio Constitutions, and his substantive due process rights under the United States and Ohio Constitutions. Based on the following, we affirm the judgment of the trial court.
 {¶ 2} In November 2000, Downing was convicted of one count of corruption of a minor in violation of R.C. 2907.04, a felony of the fourth degree[1], and was classified as a sexually oriented offender.
 {¶ 3} In November 2007, Downing received notification from the Ohio Attorney General that he was being reclassified from a sexually oriented offender to a Tier II sex offender based upon the newly enacted law contained in R.C. 2950, also referred to as Ohio's Adam Walsh Act ("AWA"), or S.B. 10. *Page 3 
 {¶ 4} In January 2008, Downing filed a petition in the trial court to contest the application of S.B. 10, arguing that his reclassification under the act violated various provisions under the United States and Ohio Constitutions, including the Ex Post Facto Clause, the prohibition on retroactive laws, the separation of powers doctrine, the Double Jeopardy Clause, and the Due Process Clause, as he committed his offense and was sentenced prior to the adoption of S.B. 10. Additionally, Downing argued that he could not be subject to a community notification requirement under S.B. 10 because he was not subject to a community notification requirement under prior law, as provided by R.C. 2950.11(F)(2).
 {¶ 5} In August 2008, the trial court held an evidentiary hearing on the petition, in which it upheld Downing's reclassification under S.B. 10, finding there to be no constitutional violations pursuant to this Court's decision in In re Smith, 3d Dist. No. 1-07-58, 2008-Ohio-3234. Furthermore, the trial court found Downing's argument regarding the community notification requirement to be moot, as his classification as a Tier II sex offender did not require community notification.
 {¶ 6} It is from this judgment that Downing appeals, presenting the following assignment of error for our review.
 THE TRIAL COURT ERRED IN FINDING THE RETROACTIVE APPLICATION OF OHIO'S AWA CONSTITUTIONAL. *Page 4 
 {¶ 7} In his sole assignment of error, Downing argues that trial court erred in finding his reclassification as a Tier II sex offender under S.B. 10 to be constitutional. Specifically, he contends that applying S.B. 10 to reclassify him when he committed the offense prior to the adoption of S.B. 10 violates the prohibition on ex post facto laws under the United States Constitution, the prohibition on retroactive laws under the Ohio Constitution, the separation of powers doctrine under the Ohio Constitution, the Double Jeopardy Clauses of the United States and Ohio Constitutions, and his due process rights under the United States and Ohio Constitutions. Furthermore, Downing also contends that if S.B. 10 can be constitutionally applied to reclassify him, he cannot be subject to a community notification requirement, as he was not subject to a community notification requirement under prior law, and R.C. 2950.11(F)(2) provides that offenders not subject to a notification requirement under prior law cannot be subject to the notification requirement under S.B. 10.
 {¶ 8} "An enactment of the General Assembly is presumed to be constitutional, and before a court may declare it unconstitutional it must appear beyond a reasonable doubt that the legislation and constitutional provisions are clearly incompatible." State ex rel.Dickman v. Defenbacher (1955), 164 Ohio St. 142, paragraph one of the syllabus. "That presumption of validity of such legislative enactment cannot be overcome unless it appear[s] that there is a clear conflict between the legislation in question and some particular provision or *Page 5 
provisions of the Constitution." Xenia v. Schmidt (1920),101 Ohio St. 437, paragraph two of the syllabus.
 {¶ 9} S.B. 10 was enacted in June 2007, with an effective date of January 1, 2008, and amended the sexual offender classification system found in former R.C. 2950. In Re Gant, 3d Dist. No. 1-08-11,2008-Ohio-5198, ¶ 11, appeal accepted for review, 3/25/2009 Case Announcements, 2009-Ohio-1296. Under the prior classification system, the trial court determined whether the offender fell into one of three categories: (1) sexually oriented offender, (2) habitual sex offender, or (3) sexual predator. Former R.C. 2950.09; State v. Cook,83 Ohio St.3d 404, 407, 1998-Ohio-291. In determining whether to classify an offender as a sexual predator, former R.C. 2950.09(B)(3) provided the trial court with numerous factors to consider in its determination.Smith, 2008-Ohio-3234, at ¶ 28. Additionally, R.C. 2950.04 imposed registration requirements for sexual offenders.
 {¶ 10} In contrast, S.B. 10 requires the trial court to designate the offender as either a Tier I, II, or III sex offender. R.C. 2950.01;Gant, 2008-Ohio-5198, at ¶ 15. The new classification system places a much greater limit on the discretion of the trial court to categorize the offender, as S.B. 10 requires the trial court to simply place the offender into one of the three tiers based on their offense. Id. A portion of the requirements for a Tier II classification are as follows: *Page 6 
 (F) "Tier II sex offender/child-victim offender" means any of the following:
 (1) A sex offender who is convicted of, pleads guilty to, has been convicted of, or has pleaded guilty to any of the following sexually oriented offenses:
 * * *
 (b) A violation of section 2907.04 of the Revised Code when the offender is at least four years older than the other person with whom the offender engaged in sexual conduct, or when the offender is less than four years older than the other person with whom the offender engaged in sexual conduct and the offender previously has been convicted of or pleaded guilty to a violation of section 2907.02, 2907.03, or 2907.04 of the Revised Code or former section 2907.12 of the Revised Code;
R.C. 2950.01(F)(1)(b).
 {¶ 11} For those sexual offenders classified under former R.C. 2950.09, S.B. 10 provides a procedure for reclassification, and states as follows:
 (A)(1) At any time on or after July 1, 2007, and not later than December 1, 2007, the attorney general shall determine for each offender or delinquent child who prior to December 1, 2007, has registered a residence, school, institution of higher education, or place of employment address pursuant to section 2950.04, 2950.041, or 2950.05 of the Revised Code the offender's or delinquent child's new classification as a tier I sex offender/child-victim offender, a tier II sex offender/child-victim offender, or a tier III sex offender/child-victim offender under Chapter 2950. of the Revised Code as it will exist under the changes that will be implemented on January 1, 2008, [and] the offender's or delinquent child's duties under Chapter 2950. of the Revised Code as so changed * * *.
 (2) At any time on or after July 1, 2007, and not later than December 1, 2007, the attorney general shall send to each offender or delinquent child who prior to December 1, 2007, has *Page 7 registered a residence, school, institution of higher education, or place of employment address pursuant to section 2950.04, 2950.041, or 2950.05 of the Revised Code a registered letter that contains the information described in this division.
 * * *
 (E) An offender or delinquent child who is in a category described in division (A)(2) or (B) of this section may request as a matter of right a court hearing to contest the application to the offender or delinquent child of the new registration requirements under Chapter 2950. of the Revised Code as it will exist under the changes that will be implemented on January 1, 2008.
R.C. 2950.031(A)(1), (2); (E).
 {¶ 12} Additionally, R.C. 2950.034 imposes a residency restriction on any person convicted of a sexually oriented offense. It provides, in pertinent part:
 No person who has been convicted of, is convicted of, has pleaded guilty to, or pleads guilty to a sexually oriented offense or a child-victim oriented offense shall establish a residence or occupy residential premises within one thousand feet of any school premises or preschool or child day-care center premises.
 {¶ 13} In order to challenge the residency restriction of R.C. 2950.034 as being a direct infringement on the fundamental right of privacy and the right to live where one chooses under the due process protections of the United States and Ohio Constitutions, the offender must reside within 1,000 feet of a school or be forced to move from an area due to his proximity to a school. State v. Coburn, 4th Dist. No. 08CA3062, 2009-Ohio-632, ¶ 24; State v. Williams, 12th Dist. No. CA2008-02-029, 2008-Ohio-6195, ¶ 91. Otherwise, the offender has failed to *Page 8 
allege that he has suffered an actual deprivation of his property rights by an unconstitutional application of the statute, and he lacks standing. State v. Peak, 8th Dist. No. 90255, 2008-Ohio-3448, ¶ 8; see, also, Palazzi v. Estate of Gardner (1987), 32 Ohio St.3d 169, syllabus. ("The constitutionality of a state statute may not be brought into question by one who is not within the class against whom the operation of the statute is alleged to have been unconstitutionally applied and who has not been injured by its alleged unconstitutional provision"). Furthermore, this residency restriction has no retroactive application "to an offender who bought his home and committed his offense before the effective date of the statute." Hyle v. Porter, 117 Ohio St.3d 165,2008-Ohio-542.
 {¶ 14} This Court in Smith, 2008-Ohio-3234, addressed the issue of whether applying S.B. 10 to a defendant who had committed an offense prior to the adoption S.B. 10 violated the Ex Post Facto Clause of the United States Constitution, the prohibition on retroactive laws in the Ohio Constitution, the Double Jeopardy Clauses of the Ohio and United States Constitutions, and the separation of powers doctrine inherent in the Ohio Constitution. After analyzing the Supreme Court of Ohio's decisions in Cook, 83 Ohio St.3d 404, and State v. Williams,88 Ohio St.3d 513, 2000-Ohio-428, both of which rejected arguments that these same constitutional infirmities existed under the provisions of former R.C. 2950, we came to the conclusion that the same issues of criminality and punishment found in former R.C. 2950 by the Court in Cook andWilliams also *Page 9 
existed under S.B. 10, thereby leading us to a finding that S.B. 10 did not run afoul of these provisions contained within the Ohio and United States Constitutions. See, also, Gant, 2008-Ohio-5198 (finding that a retroactive application of S.B. 10 does not violate the Ex Post Facto Clause, the prohibition on retroactive laws, or the Double Jeopardy Clause). Furthermore, we also found that the enactment of S.B. 10 did not violate the separation of powers doctrine, as the classification of sexual offenders has always been a legislative mandate and not an inherent power of the courts.
 {¶ 15} Here, just as in Smith, Downing challenges the constitutionality of the retroactive application of S.B. 10 to reclassify him as a Tier II sex offender. However, as this Court has found that the retroactive application of S.B. 10 does not violate the Double Jeopardy Clause, the Ex Post Facto Clause, the prohibition against retroactive laws, and the separation of powers doctrine under the United States and Ohio Constitutions, we are bound by the principle of stare decisis to our prior decision. See In re Copeland, 3d Dist. No. 1-08-40, 2009-Ohio-190, ¶ 11.
 {¶ 16} Moreover, we find that Downing does not have standing to claim that S.B. 10's residency restriction violates his substantive due process rights to live in a location of his choosing, as he has failed to assert an actual deprivation of his due process right by claiming that he is currently in violation of that residency restriction or that he has been forced to move from an area due to his close proximity to a school. *Page 10 
 {¶ 17} Finally, we find to be moot Downing's argument that he cannot be subject to the community notification requirement because he was not subject to the requirement under prior law, as provided in R.C. 2950.11(F)(2). Only an offender who is classified as a Tier III sex offender must comply with the community notification requirement contained in R.C. 2950.11. Downing was classified as a Tier II sex offender; consequently, he is not subject to the community notification requirement.
 {¶ 18} Accordingly, we overrule Downing's assignment of error.
 {¶ 19} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment Affirmed.
 PRESTON, P.J. and WILLAMOWSKI, J., concur.
[1] R.C. 2907.04 has since been amended and is now the offense of unlawful sexual conduct with a minor. *Page 1