OPINION
Defendant-appellant, Michael Paris, appeals from the judgment of the Auglaize County Court of Common Pleas adjudicating him to be a sexual predator.
In 1994, defendant was indicted on two counts of rape and one count of felonious sexual penetration. All three counts carried a potential sentence of life imprisonment. After initially pleading not guilty, defendant subsequently entered into a negotiated plea agreement whereby he pled guilty to an amended count one of attempted rape and the trial court dismissed the other two counts upon the request of the State. The trial court sentenced defendant to an indefinite term of incarceration of not less than eight years and not more than fifteen years. The sentence was ordered to be served consecutively to the sentence in Mercer County.
In December 1999, the trial court held a sexual predator hearing pursuant to the recommendation of the Department of Rehabilitation and Corrections. Following the hearing, the trial court adjudicated defendant to be a sexual predator. Defendant,pro se, now appeals, raising four assignments of error. For his first assignment of error, defendant asserts:
 The adjudication as a sexual predator breaches the contractual nature of the plea agreement, creating a constitutional claim by appellant that the State maintain its obligation to perform in the bilateral contract with this appellant.
Defendant essentially maintains that his adjudication as a sexual predator impairs his plea bargain agreement with the State in violation of Section 28, Article II of the Ohio Constitution and Article I, Section 10, of the United States Constitution. Defendant also relies on Crim.R. 11 for the proposition that his guilty plea was not entered knowingly, intelligently and voluntarily because defendant was never made aware of this additional consequence of his plea.
We will first address defendant's challenge to compliance with Crim.R. 11. It is well established that when a guilty plea is not voluntarily and intelligently entered, it violates a defendant's constitutional due process rights and must be vacated. State v.Ballard (1981), 66 Ohio St.2d 473, 478-479. Accordingly, Crim.R. 11 requires a court to personally address the defendant and determine that the defendant is making the plea voluntarily, understands the nature of the charges and the maximum penalty, the effect of the plea, and understands that by the plea defendant is waiving certain constitutional rights. Crim.R. 11(C)(2). "Substantial compliance" with the requirements of Crim.R. 11(C) means that under the totality of the circumstances the defendant subjectively understands the consequences of his plea and the nature of the rights he is waiving. State v. Nero (1990),56 Ohio St.3d 106, 108, citing State v. Stewart (1977), 51 Ohio St.2d 86,92-93. Thus, the trial court need only inform a defendant of the direct consequences, which are those that have a "definite, immediate and automatic effect on the sentence," but not collateral consequences. See State v. Ward (1999), 130 Ohio App.3d 551,575; State v. Lambert (May 25, 1999), Franklin App. No. 98AP-941, unreported, 1999 WL 333218.
In this case, defendant's plea bargain agreement was entered into long before the effective date of Ohio's new sexual predator law. As the Ohio Supreme Court has held in State v. Cook (1998),83 Ohio St.3d 404, 414-423, the registration and notification provisions of R.C. Chapter 2950 are remedial, not criminal punishment. For this reason, the new requirements of that legislation are merely collateral. Ward, supra; Lambert, supra. Further, those new requirements are neither definite nor immediate. Lambert, at *2. Because a sexual predator determination is a collateral consequence of the underlying criminal offense, the trial court had no duty pursuant to Crim.R. 11 to inform defendant of the registration and notification requirements accompanying a designation as a sexual predator and therefore, defendant's guilty plea cannot be said to be involuntary and unknowing.
Moreover, other appellate courts that have addressed this issue have relied upon the rationale in State ex rel. Matz v. Brown
(1988), 37 Ohio St.3d 279, to support their holding that guilty pleas entered into before the sexual predator provisions went into effect do not violate a defendant's due process rights or Crim.R. 11. See State v. Ward, supra; State v. Lambert, supra. In Brown,supra, the Ohio Supreme Court stated that "felons have no reasonable right to expect that their conduct will never thereafter be made the subject of legislation." Id. at 282.
Defendant's other argument, which is in the nature of a breach of the plea bargain agreement, is also lacking in merit. Section28, Article II of the Ohio Constitution provides that "[t]he general assembly shall have no power to pass retroactive laws, or laws impairing the obligation of contracts[.]" In applying this section, the Ohio Supreme Court has stated that "any change in the law which impairs the rights of either party, or amounts to a denial or obstruction of the rights accruing by contract, is repugnant to the Constitution." Kiser v. Coleman (1986),28 Ohio St.3d 259, 263. Since the registration and notification requirements of R.C. Chapter 2950 are merely remedial conditions imposed upon offenders after their release from prison and not punishment, they do not affect any plea agreement previously entered into between the offender and the State. State v. Iden
(Feb. 16, 1999), Stark App. No. 1997CA00365, unreported, 1999 WL 174648. The defendant's classification thus falls outside the scope of the negotiated plea agreement which was entered into by both parties. Consequently, we find that the defendant's classification pursuant to the new sexual predator law does not constitute an impairment of his rights accruing by the plea agreement.
Accordingly, defendant's first assignment of error is overruled.
For his second assignment of error, defendant asserts:
 The trial court abused its discretion and arbitrarily denied appellant his due process of law required by RC Section 2950.09(B)(1). Violating the appellant's Constitutional rights pursuant to Art. I, Section 10, of the Ohio Constitution; and the 5th, 6th and 14th Amendments to the U.S. Constitution.
Defendant contends that the trial court abused its discretion in refusing to replace his court-appointed public defender due to a lack of communication and interest in the case.
A defendant with court-appointed counsel may move to replace counsel if he feels that his constitutional right to professionally competent, effective representation is jeopardized.State v. McNeill (1998), 83 Ohio St.3d 438, 452. It is within the trial court's discretion to determine whether to replace appointed counsel. Id.
A review of the record reveals that on October 21, 1999, the trial court appointed the public defender to represent defendant for the purposes of the sexual predator hearing. On October 27, 1999, defense counsel filed a motion for a psychological evaluation of defendant, which the trial court sustained. The defendant, on his own behalf, then filed the following motions: (1) a request for separation of witnesses; (2) a request for discovery; (3) a motion in opposition to the psychological evaluation and a request for withdrawal of the court's order, along with a request for a stay of the order; and (4) a request for continuance. On November 30, 1999, defense counsel filed a motion to withdraw because defendant had submitted his own motions and wanted to "co-counsel" the case. The trial court denied this motion.
A review of the transcript of the sexual predator hearing held on December 16, 1999 indicates that defendant stated that he did not wish to waive his right to counsel in this matter. We also note that court-appointed counsel brought to the court's attention certain issues that defendant wanted him to raise dealing with defendant's pro se motions and ineffective assistance of counsel. Upon being questioned by the trial court, defense counsel stated that he had thoroughly reviewed the case, including the State's exhibits to be presented at the hearing and was prepared to go forward with the hearing. The trial court then questioned defendant who claimed he just received the State's information and met with his attorney for the first time during the last half hour. However, defendant acknowledged that he has made contact with his counsel through letters.
Based upon the record before us, we find no abuse of discretion by the trial court in refusing to replace appointed counsel. Defendant's factual claims have not been demonstrated by the record, which reflects instead that defense counsel presented additional testimony from defendant, his mother and his fiancée; that his rights of due process were protected; and that he was ably represented by competent, effective counsel. Accordingly, defendant's second assignment of error is overruled.
Defendant's third and fourth assignments of error are related and will be addressed together. They provide as follows:
 The indictment and appellant's guilty plea to "attempted rape" were inadequate as a matter of law to adjudicate appellant as a sexual predator pursuant to RC Section 2950.09.
The appellant's adjudication as a sexual predator was not supported by the evidence and was against the manifest weight of the evidence.
Defendant argues that his conviction for attempted rape alone is insufficient to sustain a clear and convincing finding that he is likely to reoffend. Defendant also argues that the determination that he is a sexual predator is against the manifest weight of the evidence.
On December 16, 1999, the trial court held a sexual predator determination hearing and made its determination that defendant is a sexual predator. It is obvious that the trial court considered the defendant's 1994 conviction in Auglaize County on attempted rape involving his live-in girlfriend's daughter who was under the age of thirteen at the time of the offense, as well as the 1994 conviction in Mercer County based on an act of attempted rape with defendant's own daughter, for which defendant has pled guilty. Additionally, although defendant maintained his innocence during the hearing, the trial court noted the fact that there were inconsistent statements made by defendant with respect to his commission of these offenses. As to the statutory factors which the trial court may certainly consider in reaching its determination as to whether the defendant "is likely to engage in the future in one or more sexually oriented offenses," R.C.2950.01(E), these factors include: the offender's prior criminal record, the age of the victims, the fact that there were multiple victims, the nature of the sexual conduct, contact, or interaction with the victims and whether it demonstrated a pattern of abuse, and any additional behavioral characteristics that contributed to the offender's conduct. See R.C. 2950.09(B)(2). Based upon the defendant's two convictions involving young victims, including defendant's three-year-old daughter, we conclude that this information alone is sufficient evidence from which the trial court could find by clear and convincing evidence that defendant was a sexual predator. See State v. Gonzalez (June 17, 1998), Defiance App. No. 4-97-32, unreported, 1998 WL 319257.
Furthermore, according to the trial court's remarks at the hearing, it concluded that defendant was likely to commit future sexual offenses from defendant's "pattern of violence, pattern of deception, pattern of manipulation, pattern of abusive behavior, his admitted unusual sexual drive, including admitted sexual preference for fifteen (15) year old girls, including his denial of these offenses and based upon the Psychological Evaluation from 1994[.]" Based on all of the foregoing facts, we do not find the trial court's determination that defendant is a sexual predator is against the manifest weight of the evidence. Defendant's third and fourth assignments of error are overruled.
Accordingly, we affirm the judgment of the trial court classifying defendant as a sexual predator.
HADLEY, P.J., and BRYANT, J., concur.