[Cite as *State v. Roberts*, 2011-Ohio-4969.]

COURT OF APPEALS
GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. W. Scott Gwin, P.J. |
| Plaintiff – Appellee | Hon. Sheila G. Farmer, J.<br>Hon. Julie A. Edwards, J. |
| -vs- | |
| CLARENCE D. ROBERTS | Case No. 10CA000047 |
| Defendant-Appellant | O P I N I O N |

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Appeal from the Court of Common Pleas,<br>Case No. 97CR63 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | September 22, 2011 |

APPEARANCES:

For Plaintiff-Appellee

DANIEL G. PADDEN
139 West 8th Street
P.O. Box 640
Cambridge, OH  43725

For Defendant-Appellant

CLARENCE D. ROBERTS, PRO SE
Inmate No. 351-300
P.O. Box 4501
Lima, OH  45802

*Farmer, J.*

{¶1} On June 30, 1997, the Guernsey County Grand Jury indicted appellant, Clarence Roberts, on one count of aggravated robbery in violation of R.C. 2911.01 and one count of aggravated murder in violation of R.C. 2903.01 with a death penalty specification. Said charges arose from the robbery and stabbing death of Leo Sinnett on May 17, 1997.

{¶2} A jury trial commenced on September 15, 1997. The jury found appellant guilty as charged, but did not recommend the death penalty. The trial court sentenced appellant to life imprisonment without parole. Appellant's convictions and sentence were affirmed on appeal. See, *State v. Roberts* (November 24, 1998), Guernsey App. No. 97CA29.

{¶3} On September 30, 2010, appellant filed a motion to order preservation and listing of evidence regarding both physical and biological evidence from his case. By entry filed November 30, 2010, the trial court denied the motion.

{¶4} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:

I

{¶5} "THE TRIAL COURT ERRED AS A MATTER OF LAW IN DENYING ROBERTS' MOTION TO ORDER PRESERVATION OF EVIDENCE AND LISTING OF EVIDENCE IN VIOLATION OF THE MANDATES OF SB 77 AND O.R.C. §2933.82."

I

{¶6}    Appellant claims the trial court erred in denying his request pursuant to R.C. 2933.82 for an inventory and preservation of evidence from his case.   We disagree.

{¶7}    R.C. 2933.82 governs preservation of biological evidence.   Subsections (B)(1)(c), (B)(2), (B)(3), and (B)(4) state the following:

{¶8}    "(B)(1) Each governmental evidence-retention entity that secures any biological evidence in relation to an investigation or prosecution of a criminal offense or delinquent act that is a violation of section 2903.01, 2903.02, or 2903.03, a violation of section 2903.04 or 2903.06 that is a felony of the first or second degree, a violation of section 2907.02 or 2907. 03 or division (A)(4) or (B) of section 2907.05 of the Revised Code, or an attempt to commit a violation of section 2907.02 of the Revised Code shall secure the biological evidence for whichever of the following periods of time is applicable:

{¶9}    "(c) If any person is convicted of or pleads guilty to the offense, or is adjudicated a delinquent child for committing the delinquent act, for the earlier of the following: (i) the expiration of the latest of the following periods of time that apply to the person: the period of time that the person is incarcerated, is in a department of youth services institution or other juvenile facility, is under a community control sanction for that offense, is under any order of disposition for that act, is on probation or parole for that offense, is under judicial release or supervised release for that act, is under post-release control for that offense, is involved in civil litigation in connection with that offense or act, or is subject to registration and other duties imposed for that offense or

act under sections 2950.04, 2950.041, 2950.05, and 2950.06 of the Revised Code or (ii) thirty years.  If after the period of thirty years the person remains incarcerated, then the governmental evidence-retention entity shall secure the biological evidence until the person is released from incarceration or dies.

{¶10}  "(2) This section applies to evidence likely to contain biological material that *was* in the possession of any governmental evidence-retention entity during the investigation and prosecution of a criminal case or delinquent child case involving a violation of section 2903.01, 2903.02, or 2903.03, a violation of section 2903.04 or 2903.06 that is a felony of the first or second degree, a violation of section 2907.02 or 2907.03 or of division (A)(4) or (B) of section 2907.05 of the Revised Code, or an attempt to commit a violation of section 2907.02 of the Revised Code.

{¶11}  "(3) A governmental evidence-retention entity that possesses biological evidence shall retain the biological evidence in the amount and manner sufficient to develop a DNA profile from the biological material contained in or included on the evidence.

{¶12}  "(4) Upon written request by the defendant in a criminal case or the alleged delinquent child in a delinquent child case involving a violation of section 2903.01, 2903.02, or 2903.03, a violation of section 2903.04 or 2903. 06 that is a felony of the first or second degree, a violation of section 2907.02 or 2907.03 or of division (A)(4) or (B) of section 2907.05 of the Revised Code, or an attempt to commit a violation of section 2907.02 of the Revised Code, a governmental evidence-retention entity that possesses biological evidence shall prepare an inventory of the biological evidence that

has been preserved in connection with the defendant's criminal case or the alleged delinquent child's delinquent child case." (Emphasis added.)

{¶13} R.C. 2933.82 became effective on July 6, 2010. Appellant was charged, tried, and convicted in 1997. In order for the statute to apply in appellant's case, it must be applied retrospectively. Pursuant to R.C. 1.48, "[a] statute is presumed to be prospective in its operation unless expressly made retrospective." "If there is no clear indication of retroactive application, then the statute may only apply to cases which arise subsequent to its enactment." *Kiser v. Coleman* (1986), 28 Ohio St.3d 259, 262. We note there is no express, clear provision in the statute for retrospective application.

{¶14} Appellant argues the use of the verb "was" in subsection (B)(2) implies retroactive application. We disagree that the use of the past tense "was" expressly makes the statute retroactive. Because the statute sets forth requirements involving the preservation of evidence after conviction, the "was" refers to evidence in possession of any governmental evidence-retention entity during the investigation and prosecution of a criminal case after July 6, 2010. The state cannot do what it did not know it had to do i.e., meet R.C. 2933.82 standards in cases prior to its effective date.

{¶15} The statute creates new rights and duties upon the state to preserve biological evidence or to notify certain individuals in the event the evidence is to be destroyed. As stated in the Ohio Legislative Service Commission Final Bill Analysis of S.B. No. 77 as passed by the 128th General Assembly, effective July 6, 2010, R.C. 2933.82 "establishes within the Bureau of Criminal Identification and Investigation of the AG's Office a Preservation of Biological Evidence Task Force." The analysis states in relevant part:

{¶16} "The act requires the Task Force to establish a system regarding the proper preservation of biological evidence in Ohio and specifies that, in establishing the system, the Task Force must do all of the following: (1) devise standards regarding the proper collection, retention, and cataloguing of biological evidence for ongoing investigations and prosecutions, and (2) recommend practices, protocols, models, and resources for the cataloguing and accessibility of preserved biological evidence already in the possession of governmental evidence-retention entities.

{¶17} "The act provides that, in consultation with the Task Force, the Division of Criminal Justice Services of the Department of Public Safety must administer and conduct training programs for law enforcement officers and other relevant employees who are charged with preserving and cataloguing biological evidence regarding the methods and procedures referenced in the act's provisions described above that require or relate to the preservation of biological evidence. (R.C. 109.561 and 2933.82(C).)."

{¶18} In his September 30, 2010 motion, appellant requested "the preservation of all physical evidence in the above styled cause, including and specifically the clothing of the victim herein." Appellant argues "recent advances in DNA technology known as 'touch DNA' which can conclusively establish the presence of epithelial cell matter on objects touched by a person" could exonerate him. Appellant argues this technology could prove that it was another individual who removed the victim's wallet from his pocket and killed him. Because this item has not been preserved pursuant to the practices and protocols under the new task force, appellant cannot now benefit from retrospective application of the statute.

{¶19} Upon review, we find the provisions of R.C. 2933.82 are to be applied prospective only.

{¶20} The sole assignment of error is denied.

{¶21} The judgment of the Court of Common Pleas of Guernsey County, Ohio is hereby affirmed.

By Farmer, J.

Gwin, P.J. and

Edwards, J. concur.


_s/ Sheila G. Farmer_____


s/ W. Scott Gwin_____


_s/ Julie A. Edwards_____

                    JUDGES


SGF/sg 809

[Cite as *State v. Roberts*, 2011-Ohio-4969.]

IN THE COURT OF APPEALS FOR GUERNSEY COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| CLARENCE D. ROBERTS | : | |
| | : | |
| Defendant-Appellant | : | Case No. 10CA000047 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Guernsey County, Ohio is affirmed. Costs to appellant.

_s/ Sheila G. Farmer_____

s/ W. Scott Gwin_____

_s/ Julie A. Edwards_____

JUDGES