[Cite as *Richmond Hts. Owner, L.L.C. v. Richmond Hts. Community Reinvestment*, 2024-Ohio-5478.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

RICHMOND HEIGHTS OWNER      :
LLC, ET AL.,

      Plaintiffs-Appellants,      :

           No. 113527

      v.      :

RICHMOND HEIGHTS COMMUNITY    :
REINVESTMENT,

      Defendant-Appellee.      :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** November 21, 2024

---

Administrative Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-23-977131

---

### *Appearances:*

Kenneth J. Fisher Co., L.P.A., Dennis A. Nevar, and Kenneth J. Fisher; Flowers and Grube, Paul W. Flowers, and Kendra N. Davitt, *for appellant*.

Roetzel & Andress LPA, R. Todd Hunt, and Benjamin Grant Chojnacki, *for appellee*.

Brindza McIntyre & Seed LLP, Robert A. Brindza, Daniel McIntyre, David H. Seed, and David A. Rose, *for* amicus curiae South Euclid-Lyndhurst City School District Board of Education.

LISA B. FORBES, P.J.:

**{¶ 1}** Richmond Heights Owner, L.L.C. ("Owner"), appeals from the trial court's judgment affirming the City of Richmond Heights Community Reinvestment Area Housing Council's ("Council") decision denying Owner's application for a community reinvestment area tax exemption in this R.C. Ch. 2506 administrative appeal. After reviewing the facts of the case and pertinent law, we affirm the lower court's judgment.

## I. Facts and Procedural History

**{¶ 2}** The City of Richmond Heights (the "City") Resolution No. 145-86 allows tax exemptions for improvements to real property located within the Community Reinvestment Area ("CRA"). Resolution No. 145-86 also defines the geographic boundaries of the CRA within the City.

**{¶ 3}** On August 15, 2019, the City issued an occupancy permit to Owner regarding the recently remodeled property located at 641 Richmond Road, Richmond Heights (the "Property"). At that time, the Property was not located within the CRA. On December 10, 2019, the City adopted Resolution No. 107-2019, which amended Resolution No. 145-86 and expanded the boundaries of the CRA such that the Property did fall within its new boundaries. On December 23, 2019, Owner applied for the CRA tax exemption. On January 19, 2020, the City determined that Owner's CRA tax exemption application would not be processed because the renovations to the Property were completed prior to the adoption of Resolution No. 107-2019. On November 8, 2021, Owner submitted an updated

application. The City denied this application on September 23, 2022. Owner appealed this decision to the Council. The Council held a hearing on March 21, 2023, and affirmed the denial of Owner's application. Owner appealed to the Cuyahoga County Common Pleas Court. On December 1, 2023, the court affirmed the Council's decision.

{¶ 4} It is from this journal entry that owner appeals raising the following assignment of error:

> The common pleas court erred as a matter of law by misconstruing the Richmond Heights Resolution governing applications for a community reinvestment area tax exemption and affirming the final decision of appellee Richmond Heights Community Reinvestment Area Housing Council.

## II. Law and Analysis

### A. Standard of Review Administrative Appeals

{¶ 5} Pursuant to R.C. 2506.04, trial courts hearing an administrative appeal

> may find that the order, adjudication, or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record. Consistent with its findings, the court may affirm, reverse, vacate, or modify the order, adjudication, or decision, or remand the cause to the officer or body appealed from with instructions to enter an order, adjudication, or decision consistent with the findings or opinion of the court. The judgment of the court may be appealed by any party on questions of law . . . .

{¶ 6} Courts of appeals, on the other hand, have a narrower standard when reviewing an administrative appeal, "which is more deferential to the lower court's decision." *Cleveland Clinic Found. v. Bd. of Zoning Appeals*, 2014-Ohio-4809, ¶ 25.

"An appeal to the court of appeals, pursuant to R.C. 2506.04, is more limited in scope and requires that court to affirm the common pleas court, unless the court of appeals finds, as a matter of law, that the decision of the common pleas court is not supported by a preponderance of reliable, probative and substantial evidence." *Kisil v. Sandusky*, 12 Ohio St.3d 30, 34 (1984). "The courts of appeals may review the judgments of the common pleas courts only on questions of law; they do not have the same power to weigh the evidence." *Cleveland Clinic* at ¶ 25.

## B. The Trial Court's Journal Entry Affirming the Council's Decision

{¶ 7} In affirming the Council's decision denying Owner's application for the CRA tax exemption, the trial court found that the City's Resolution Nos. 145-86 and 107-2019 did not apply retroactively.

> Here, the codified statutes at issue,[1] and Richmond Heights Resolution Nos. 145-86 and 107-2019, contain no express or implied language indicating a legislative intention for retroactive application. Instead, Section 7 of Resolution No. 107-2019 expressly states that it "shall take effect and be in force effective immediately upon its passage by Council and the signature of the Mayor." . . . Resolution No. 107-2019 was passed on December 10, 2019, approximately four months after [Owner's] completion of improvements to the [P]roperty.

---

[1] R.C. 3735.67(A) states, in part, as follows: "The owner of real property located in a community reinvestment area and eligible for exemption from taxation under a resolution adopted pursuant to section 3735.66 of the Revised Code may file an application for an exemption from real property taxation . . . if the new structure or remodeling is completed after the effective date of the resolution adopted pursuant to section 3735.66 of the Revised Code."

## C. City of Richmond Heights Resolutions

{¶ 8} The pertinent parts of Resolution No. 145-86 state as follows concerning the timeframe for filing an application:

Section 1: Within [the CRA] tax exemptions for improvements to real property as described in [R.C.] 3735.67 . . . will be granted for . . . (b) Five (5) years for the remodeling of every commercial or industrial properties . . . .

Section 9: Tax abatement may only be granted to those property owners who apply and start construction or remodeling after the effective date of this resolution . . . .

Section 11: This Resolution shall take effect and be in force from and after the earliest period allowed by law.

{¶ 9} The pertinent parts of Resolution No. 107-2019 state as follows concerning the timeframe for filing an application:

Section 1: The findings and determinations made in Resolution No[:] 145-86 . . . are hereby . . . incorporated herein by reference.

Section 7: . . . this Resolution shall take effect and be in force effective immediately upon its passage by Council and the signature of the Mayor.[2]

## D. Analysis

{¶ 10} On appeal, Owner argues that Resolution Nos. 145-86 and 107-2019 must be read together to conclude that "the property owner only had to 'apply and start construction or remodeling after the effective date of this resolution,'" which is November 11, 1986, when Resolution No. 145-86 became effective. However, this reading ignores Section 1 of Resolution No. 145-86, which requires that the property

---

[2] A copy of Resolution No. 107-2019 signed by "David H. Roche, Mayor" is part of the record in this case.

at issue be located within the CRA. In 1986, as well as on August 15, 2019, when construction was complete and the City issued the occupancy permit for the Property, the Property was not located within the CRA. The Property did not lie within the geographical boundaries of the CRA until December 10, 2019, and construction was started well before this date. By the time the Property became geographically part of the CRA on December 10, 2019, construction had not only started, it was completed and an occupancy permit had been issued to Owner. Under Resolutions 145-86 and 107-2019, "[t]ax abatement may only be granted to those property owners who apply and start construction or remodeling after the effective date of this resolution . . . ." Therefore, we reject the notion that the Property was eligible for the CRA tax exemption because Owner applied and remodeling started after November 11, 1986.

{¶ 11} Owner further argues that a "sensible reading of the unambiguous resolution[,] . . . as revised after December 10, 2019," shows that "it no longer matters that Owner's Property was not included in the CRA until that date." Additionally, Owner argues that the Council and the trial court improperly "adopted a 'prospective only' interpretation of Resolution [No.] 107-2019's expansion of the CRA territorial limits that had no support in the terms that were actually adopted."

{¶ 12} Upon review, we find that the Resolutions at issue contemplate that, to be eligible for a CRA tax abatement, construction on the Property start after the Property has been deemed located within the CRA. In the case at hand, construction on the Property not only started, but was completed, before the Property was

deemed located within the CRA. The Property at issue was deemed located within the CRA in 2019 with the passage of Resolution No. 107-2019. Thus, according to the plain language of the Resolutions, the Property at issue is ineligible for the CRA tax abatement.

{¶ 13} We next turn to the trial court's consideration of whether R.C. 3735.67(A) affects how the Richmond Heights Resolution applies. R.C. 3735.67(A) states as follows:

> The owner of real property located in a community reinvestment area and eligible for exemption from taxation under a resolution adopted pursuant to section 3735.66 of the Revised Code may file an application for an exemption from real property taxation . . . if the new structure or remodeling is completed after the effective date of the resolution adopted pursuant to section 3735.66 of the Revised Code.

{¶ 14} Pursuant to R.C. 1.48, a "statute is presumed to be prospective in its operation unless expressly made retrospective." Furthermore, the Ohio Const., art. II, § 28 states that the "general assembly shall have no power to pass retroactive laws . . . ." The Ohio Supreme Court has stated that these "two provisions of Ohio law . . . limit the retroactive application of statutes." *Hyle v. Porter*, 2008-Ohio-542, ¶ 7. The *Hyle* Court also stated that there is "a two-part test to determine whether a statute may be applied retroactively." *Id.* at ¶ 8. "Under this test, we first ask whether the General Assembly expressly made the statute retroactive. . . . If it did, then we determine whether the statutory restriction is substantive or remedial in nature." *Id.* "Pursuant to R.C. 1.48, if the statute is silent on the question of its retroactive application, we must apply it prospectively." *Id.* at ¶ 10.

{¶ 15} Upon review, we find that R.C. 3735.67(A) expressly states that it is to be applied prospectively. Specifically, the statute states that the "owner of real property located in a [CRA] and eligible for exemption from taxation under a resolution . . . may file an application for an exemption from real property taxation . . . if the new structure or remodeling is completed after the effective date of the resolution . . . ." Accordingly, we cannot say that the trial court erred as a matter of law when it found that R.C. 3735.67(A) "contain[s] no express or implied language indicating a legislative intention for retroactive application." *See Kiser v. Coleman*, 28 Ohio St.3d 259, 262 (1986) ("If there is no clear indication of retroactive application, then the statute may only apply to cases which arise subsequent to its enactment.").

{¶ 16} Applying this statute prospectively to the case at hand, we find that, similar to our analysis of the Resolutions at issue, when the remodeling of the Property was completed, the Property was not located in the CRA and was ineligible for the CRA tax abatement. Therefore, the trial court did not err as a matter of law when it affirmed the Council's decision denying Owner's application for a CRA tax exemption.

{¶ 17} Accordingly, Owner's sole assignment of error is overruled.

{¶ 18} Judgment affirmed.

It is ordered that appellee recover from appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LISA B. FORBES, PRESIDING JUDGE

EILEEN T. GALLAGHER, J., and
FRANK DANIEL CELEBREZZE, III, J., CONCUR