KISER, ADMR., ET AL., APPELLEES, *v.* COLEMAN ET AL., APPELLANTS.

[Cite as Kiser *v.* Coleman (1986), 28 Ohio St. 3d 259.]

(No. 86-318—Decided December 26, 1986.)

*Durkee & Hannon* and *R. Daniel Hannon,* for appellees.
*Walker, Bradford & Hill* and *William Walker,* for appellants.

HOLMES, J. For the reasons set forth below, we hold that R.C. 5313.07 and 5313.08 may not be applied to land contracts entered into before the effective date of the statutes.

The law in force prior to the enactment of R.C. Chapter 5313 most clearly granted to vendors of a land contract the right to declare the vendee's forfeiture for breach of such land contract without legal proceedings where such right was contractually agreed upon by the parties. See, *e.g., Hulett* v. *Fairbanks* (1883), 40 Ohio St. 233; *Gallagher* v. *Billmaier* (App. 1958), 79 Ohio Law Abs. 417 [6 O.O.2d 142]. Further, such forfeiture became effective upon notice. See, *e.g., Hegg* v. *Sigle* (App. 1933), 14 Ohio Law Abs. 457. Judicial relief was limited to equitable considerations alone.

In 1969, the General Assembly acted to change that state of the law by enacting R.C. Chapter 5313, land installment contracts. The chapter made express changes in the above common law by its provisions contained in R.C. 5313.07 and 5313.08. R.C. 5313.07 provides, in pertinent part:

"If the vendee of a land installment contract has paid in accordance with the terms of the contract for a period of five years or more from the date of the first payment or has paid toward the purchase price a total sum equal to or in excess of twenty per cent thereof, the vendor may recover possession of his property only by use of a proceeding for foreclosure and judicial sale of the foreclosed property * * *. In such an action, as between

the vendor and vendee, the vendor shall be entitled to proceeds of the sale up to and including the unpaid balance due on the land installment contract.''

R.C. 5313.08 provides, in pertinent part:

''If the contract has been in effect for less than five years, in addition to any other remedies provided by law and after the expiration of the periods prescribed by sections 5313.05 and 5313.06 of the Revised Code, if the vendee is still in default of any payment the vendor may bring an action for forfeiture of the vendee's rights in the land installment contract and for restitution of his property * * *. The court may also grant any other claim arising out of the contract.''

These provisions limit the availability of forfeitures to specific circumstances.

The first step of analysis must be to determine the effect of R.C. 1.48 on the statute in question. That statute states: ''A statute is presumed to be prospective in its operation unless expressly made retrospective.'' If there is no clear indication of retroactive application, then the statute may only apply to cases which arise subsequent to its enactment.

In the case before us, there is no indication that the statutes at issue were intended to have other than prospective application. We therefore presume, under authority of R.C. 1.48, that the statutes at issue were not intended to operate retrospectively. On this basis alone, the decision of the court of appeals is reversible.

We now, *sua sponte,* pass upon the issue of whether Ohio's Constitution is violated by retroactive application of R.C. 5313.07 and 5313.08.

At issue is whether retroactive application of the above statutes violates the Ohio Constitution by impairing an obligation of contract or being an enactment of retroactive laws contrary to Section 28, Article II of the Ohio Constitution.

Section 28, Article II states:

''The general assembly shall have no power to pass retroactive laws, or laws impairing the obligation of contracts; but may, by general laws, authorize courts to carry into effect, upon such terms as shall be just and equitable, the manifest intention of parties, and officers, by curing omissions, defects, and errors, in instruments and proceedings, arising out of their want of conformity with the laws of this state.''

In *French* v. *Dwiggins* (1984), 9 Ohio St. 3d 32, 33, the court noted with approval that: '' 'Section 28, Article II * * * prohibiting the passage of retroactive laws, has application to laws affecting substantive rights, and has no reference to laws of a remedial nature providing rules of practice, courses of procedure or methods of review, * * *' '' citing *Kilbreath* v. *Rudy* (1968), 16 Ohio St. 2d 70 [45 O.O.2d 370], paragraph one of the syllabus. Substantive law is defined in *Kilbreath,* at 72, as ''that which creates duties, rights and obligations,'' while procedural or remedial law ''prescribes the methods of enforcement of rights or obtaining redress.'' *Id.*

Clearly, new substantive rights are created by R.C. 5313.07. Upon payment of twenty percent of the purchase price or payments extending over five years, the defaulting vendee has been effectively granted an equity of redemption in the property. Further, the statutes would destroy the vested rights of appellants to foreclosure according to the terms of their contract, *i.e.,* upon default and without judicial process. R.C. 5313.07 and 5313.08 together make it irrelevant whether this foreclosure right was exercisable within the first five years or thereafter. The contractual right of possession which was in the vendee only so long as the contract was in force was established as a legal right in the vendee by R.C. 5313.07, which would exist despite the enforceability of the contract.

In *Goodale* v. *Fennell* (1875), 27 Ohio St. 426, this court effectively held that any change in the law which impairs the rights of either party, or amounts to a denial or obstruction of the rights accruing by contract, is repugnant to the Constitution. This the statutes at issue clearly do. Thus, the retroactive application of R.C. 5313.07 and 5313.08 to land installment contracts which were in existence at the time of the enactment of these statutes is violative of Section 28, Article II of the Ohio Constitution which prohibits the enactment of retroactive laws or laws impairing the obligation of contracts.

Having determined that R.C. 5313.07 and 5313.08 are inapplicable, we reinstate the holding and analysis of the trial court, and accordingly reverse the judgment of the court of appeals.

*Judgment reversed.*

CELEBREZZE, C.J., C. BROWN and WRIGHT, JJ., concur.

LOCHER, J., concurs in judgment only.

SWEENEY and DOUGLAS, JJ., dissent.