BURTNER-MORGAN-STEPHENS CO. ET AL. *v.* WILSON ET AL., APPELLANTS; SHETLER ET AL., APPELLEES.

[Cite as *Burtner–Morgan–Stephens Co. v. Wilson* (1992), 63 Ohio St.3d 257.]

(No. 90–2168—Submitted December 3, 1991—Decided March 18, 1992.)

258

*Day, Ketterer, Raley, Wright & Rybolt, Michael S. Gruber* and *Sara E. Lioi,* for appellants.

*Snively & Kimmins* and *James D. Snively,* for appellees.

SWEENEY, J.  The issue presented in this appeal is whether the royalties to the subject well should be paid in accordance with the terms of the 1949 oil and gas lease, or in accordance with the Revised Code sections and rules and regulations promulgated by the Ohio Department of Natural Resources, Division of Oil and Gas.  For the reasons that follow, we agree with the court of appeals below that the 1949 lease governs the distribution of royalties under the particular facts of this case.

Research indicates that much legislation has been enacted during and since the 1960s in regulating the drilling of oil and gas wells.  R.C. 1509.24 authorizes the Chief of the Division of Oil and Gas to establish rules and regulations with respect to the minimum acreage necessary to comprise a drilling unit.  Ohio Adm.Code 1509:9–1–04(C)(4)(a) provides that wells of the depth of the subject well must be situated upon a minimum of forty acres to establish a drilling unit.

R.C. 1509.26 allows for voluntary pooling agreements to form drilling units which conform to the minimum acreage and distance requirements.  R.C. 1509.27 allows for mandatory pooling orders from the Chief of the Division of Oil and Gas where an owner is unable to secure a volutary pooling agreement. Division (D) of R.C. 1509.27 provides that a mandatory pooling order shall

"[a]llocate on a surface acreage basis a pro rata portion of the production to the owner of each tract * * *."

In the cause *sub judice*, the trial court retroactively applied the above statutes, rules and regulations in order to defeat the clear and unambiguous language of the 1949 oil and gas lease with regard to the payment of royalties generated by a producing well. In our view, such retroactive application clearly violated Section 28, Article II of the Ohio Constitution by impairing an obligation of contract. See *Kiser v. Coleman* (1986), 28 Ohio St.3d 259, 28 OBR 337, 503 N.E.3d 753.

The lease involved in this action was recorded shortly after it was entered into and, therefore, all parties to this action had at least constructive notice of how royalties were to be distributed for a producing well on the property in issue. While the state's police powers permit the General Assembly to enact legislation governing pooling arrangements, spacing, unitization and other oil and gas drilling regulations, a provision such as that found in R.C. 1509.27(D) governing distribution of royalties cannot, under the specific facts of this case, be used to retroactively impair the obligation of the contract set forth in the 1949 lease. See *Goodale v. Fennell* (1875), 27 Ohio St. 426. To hold otherwise would emasculate both the letter and spirit of the Ohio Constitution.

Therefore, we hold that pursuant to Section 28, Article II of the Ohio Constitution, R.C. 1509.27(D) may not be retroactively applied to determine distribution of royalties that are provided for in an oil and gas lease that was entered into and recorded prior to the enactment of the statutory provision.

Accordingly, the judgment of the court of appeals is hereby affirmed.

*Judgment affirmed.*

MOYER, C.J., HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.