OPINION
{¶ 1} Petitioner-appellant, Barry C. Moran, appeals the decision of the Clermont County Court of Common Pleas denying his petition challenging the constitutionality of his sexual offender reclassification.
 {¶ 2} According to the record before this court, appellant pled guilty in 1996 to three counts of sexual battery. Appellant was subsequently designated a sexually oriented *Page 2 
offender. Appellant received notification that he was reclassified as a Tier III sexual offender as the result of the Ohio General Assembly's passage of Senate Bill 10 amendments to R.C. Chapter 2950, Ohio's Sex Offender Registration and Notification Act.[1]
 {¶ 3} Appellant filed a petition contesting the constitutionality and application of the reclassification and a motion requesting relief from the community notification requirements of the law. The trial court granted appellant relief from the notification requirements. The trial court rejected appellant's arguments regarding the constitutionality of the law and found that appellant was properly classified as a Tier III offender, based upon his conviction for sexual battery under R.C. 2907.03 and in accordance with R.C. 2950.01(G)(1)(a).
 {¶ 4} Appellant appeals the trial court's decision, presenting three assignments of error. We will address appellant's assignments of error out of order for ease of discussion.
 {¶ 5} Assignment of Error No. 2:
 {¶ 6} "THE TRIAL COURT ERRED IN FINDING THE RETROACTIVE APPLICATION OF SENATE BILL 10 DID NOT VIOLATE THE EX POST FACTO, DUE PROCESS, AND DOUBLE JEOPARDY CLAUSES OF THE UNITED STATES CONSTITUTION AND THE RETROACTIVITY CLAUSE OF SECTION 28, ARTICLE II, OHIO CONSTITUTION. [SIC]FIFTH, EIGHTH, AND FOURTEENTH AMENDMENTS, UNITED STATES CONSTITUTION; SECTIONS 9 AND 10, ARTICLE I, OHIO CONSTITUTION."
 {¶ 7} First, we note that the trial court granted appellant's request for relief from the Tier III notification requirements, and therefore, we will not address any aspect of that requirement in this appeal.
 {¶ 8} This court's inquiry begins with the fundamental understanding that a statute enacted in Ohio is presumed to be constitutional.State v. Ferguson, 120 Ohio St.3d 7, 2008-Ohio-4824, ¶ 12. *Page 3 
 {¶ 9} Appellant challenges Ohio's Adam Walsh Act under the retroactivity clause of the Ohio Constitution and the Ex Post Facto clause of the United States Constitution.
 {¶ 10} This court engaged in an extensive discussion on the retroactive application of Ohio's Adam Walsh Act with regard to the Ohio and United States Constitutions in State v. Williams, Warren App. No. CA2008-02-029, 2008-Ohio-6195, ¶ 22-75.
 {¶ 11} We continue to follow our reasoning set forth inWilliams and hold that Ohio's Adam Walsh Act is remedial, and, as such, the classification and registration provisions do not violate the ban on retroactive laws set forth in Section 28, Article II of the Ohio Constitution. Williams at ¶ 22-36; see, also, State v. Byers, Columbiana App. No. 07 CA 39, 2008-Ohio-5051, ¶ 69 (Ohio Supreme Court held that previous offender classification is civil, not criminal in nature, and these cases are still controlling law and we are bound to follow them); see Sewell v. State, Hamilton App. No. C-080503, 2009-Ohio-872, ¶ 11-14, 33 (purely remedial laws affecting remedy provided do not violate retroactivity clause; convicted sex offenders have no reasonable settled expectations or vested rights concerning the registration obligations imposed on them; petitioner has not shown that he was deprived of protected liberty or property interest and retroactive application did not violate due process rights).
 {¶ 12} Likewise, the retroactive application of the provisions of the Ohio's Adam Walsh Act does not violate the Ex Post Facto Clause of the United States Constitution. Williams, at ¶ 37-75 (rejecting argument that Ohio's Adam Walsh Act is so punitive in effect that it negates legislature's non-punitive intent; law does not promote traditional aims of punishment — retribution and deterrence — and therefore, does not violate Ex Post Facto clause); see State v. Honey, Medina App. No. 08CA0018-M, 2008-Ohio-4943.
 {¶ 13} We also previously found that, contrary to appellant's argument, Ohio's Adam *Page 4 
Walsh Act does not violate the prohibitions against cruel and unusual punishment found in the United States and Ohio Constitutions.Williams at ¶ 104-106 (provisions of former statutes designed to ensure public safety and were not punishment or punitive in nature and do not constitute additional punishment; punishment provision is lacking even where registration period is longer under Senate Bill 10);Byers at ¶ 75-76.
 {¶ 14} Appellant also argues that Ohio's Adam Walsh Act violates the separation of powers doctrine because it improperly interferes with the exercise of judicial functions and requires the executive branch to overrule final court judgments.
 {¶ 15} We find that Ohio's Adam Walsh Act does not violate the separation of powers doctrine on the basis of Williams at ¶ 99 (classification of sex offenders has always been a legislative mandate, not an inherent power of the courts and the power to classify is properly expanded or limited by the legislature [internal citations omitted]); Williams, at ¶ 101, citing Slagle v. State,145 Ohio Misc.2d 98, 2008-Ohio-593, ¶ 21 (application of this new law does not order the courts to reopen a final judgment, but instead simply changes the classification scheme, which is not an encroachment on the power of the judicial branch of Ohio's government); State v. Sewell, Ross App. No. 08CA3042, 2009-Ohio-594, ¶ 22-23 (because defendant's sex offender classification is nothing more than a collateral consequence arising from his criminal conduct, and because defendant has no reasonable expectation that his criminal conduct would not be subject to future versions of R.C. Chapter 2950, it cannot be said that Ohio's Adam Walsh Act abrogates final judicial determinations; further, Ohio's Adam Walsh Act does not interfere with the judiciary's power to sentence a sex offender because it is not criminal or punitive in nature);Sewell, 2009-Ohio-872, at ¶ 28-31.
 {¶ 16} Appellant's final argument under the second assignment of error asserts that Ohio's Adam Walsh Act constitutes a second punishment in violation of the Double Jeopardy Clause of the United States Constitution and a similar provision in the Ohio Constitution. *Page 5 
 {¶ 17} Ohio's Adam Walsh Act is not a criminal, punitive statutory scheme and does not constitute punishment for purposes of the double jeopardy clauses. Williams at ¶ 107-111; Sewell, 2009-Ohio-872, at ¶ 16-27; Byers, 2008-Ohio-5051, at ¶ 100-103.
 {¶ 18} Accordingly, appellant's arguments under this assignment of error are not well taken, and his second assignment of error is overruled.
 {¶ 19} Assignment of Error No. 3:
 {¶ 20} "THE TRIAL COURT ERRED IN FINDING THAT THE RETROACTIVE APPLICATION OF SENATE BILL 10 TO PERSONS WHOSE CONVICTIONS WERE OBTAINED PURSUANT TO PLEAS OF GUILTY OR NO CONTEST RATHER THAN THROUGH TRIAL VERDICTS IMPAIRS THE OBLIGATION OF CONTRACT PROTECTED BY ARTICLE I, SECTION 10, CLAUSE I, UNITED STATES CONSTITUTION AND SECTION 28, ARTICLE II, OHIO CONSTITUTION."
 {¶ 21} Appellant argues that the obligations of the sexual offender classification law in effect at the time of the plea are "material parts" of the plea agreement, and he is entitled to specific performance of the offender obligations that were contemplated by the law in effect at the time of his plea agreement.
 {¶ 22} Both the United States and Ohio Constitutions provide that no laws shall be passed that impair the obligation of contracts. See Section 10, Article I, United States Constitution; Section 28, Article II, Ohio Constitution; see Kiser v. Coleman (1986), 28 Ohio St.3d 259,263 (any change in law that impairs the rights of either party, or amounts to a denial or obstruction of the rights accruing by contract, is repugnant to the Constitution).
 {¶ 23} Plea agreements are contractual in nature and subject to contract law standards. State v. Wintrow, Preble App. No. CA2003-10-021,2005-Ohio-3447, ¶ 14, citing State v. Butts (1996), 112 Ohio App.3d 683,685-86; State v. Netherland, Ross App. No. 08CA3043, 2008-Ohio-7007, ¶ 37
(if one side breaches the agreement, the other side is *Page 6 
entitled to either rescission or specific performance of the plea agreement).
 {¶ 24} Appellant testified at his petition hearing that he was given a choice whether to plead to the three counts of sexual battery or another offense and did so based on the law at time. Appellant offers no evidence that any agreement was made in reference to the sexual offender classification at the time of his plea.
 {¶ 25} The Third District Court of Appeals in State v. Paris, Auglaize App. No. 2-2000-04, 2000-Ohio-1886, rejected a contract impairment argument pertaining to the registration requirements of a former version of R.C. Chapter 2950, holding that the requirements were remedial conditions imposed upon offenders after their release from prison and not punishment, and, as such, did not affect any plea agreement previously entered into between the offender and state.
 {¶ 26} The same appellate court, while addressing Ohio's Adam Walsh Act provisions, stated that where the Ohio Supreme Court previously said a convicted felon had no reasonable expectation that his criminal conduct would not be subject to future legislation and had no vested rights concerning the registration requirements imposed, it was not persuaded the Ohio Supreme Court would deviate from that rationale to find a contract impairment. In re Gant, Allen App. No. 1-08-11,2008-Ohio-5198, ¶ 22-24; see, also, Slagle, 2008-Ohio-593 at ¶ 60 ("the prosecution, as a member of the executive branch, could not enter into an agreement that would abrogate the right of the Ohio legislature to revise the classification scheme"); see State v. Randlett, Ross App. No. 08CA3046, 2009-Ohio-112, ¶ 37.
 {¶ 27} We are persuaded by the reasoning of the above-cited cases to find that Ohio's Adam Walsh Act does not interfere with any vested contractual right and, therefore, does not violate the contract clauses of the United States and Ohio Constitutions.
 {¶ 28} Accordingly, appellant's third assignment of error is overruled.
 {¶ 29} Assignment of Error No. 1: *Page 7 
 {¶ 30} "THE TRIAL COURT ERRED IN FINDING THE COURT HAD CONTINUING JURISDICTION OVER APPELLANT."
 {¶ 31} Appellant argues that if this court determines that Ohio's Adam Walsh Act is punitive in nature, then the reclassification of appellant as a Tier III offender more than five years after imposition of his sentence violates the principles outlined in State v. Zucal,82 Ohio St.3d 215, 1998-Ohio-377.
 {¶ 32} Based upon our finding in Williams at ¶ 104-111 that Ohio's Adam Walsh Act is not punishment and is not punitive in nature, we overrule appellant's first assignment of error.
 {¶ 33} Judgment affirmed.
BRESSLER, P. J., concurs. RINGLAND, J., concurs separately.
[1] Appellant uses the phrase, "Senate Bill 10," when referring to the Sex Offender Registration and Notification Act as amended by Senate Bill 10, or Ohio's version of the Adam Walsh Act. We will use the phrase, "Ohio's Adam Walsh Act," when referring to the version of the Act in question in this case.