BURBRINK, Appellee,

v.

The STATE of Ohio, Appellant.

[Cite as *Burbrink v. State*, 185 Ohio App.3d 130, 2009-Ohio-5346.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–081075.

Decided Oct. 9, 2009.

Herbert J. Haas, for appellee.

Joseph T. Deters, Hamilton County Prosecuting Attorney, and Paula E. Adams, Assistant Prosecuting Attorney, for appellant.

SUNDERMANN, Judge.

{¶ 1} On April 29, 2005, petitioner-appellee Robert Burbrink pleaded guilty in a plea bargain to sexual battery in violation of R.C. 2907.03(A)(3). Prior to accepting the plea, the trial court stated, "There is an agreement that he be a sexually-oriented offender." Defense counsel stated that he had explained to Burbrink that sexually oriented offender was the lowest classification. The court

informed Burbrink about his registration requirements. The court then accepted the plea, found Burbrink guilty of sexual battery, imposed sentence, and found that Burbrink was a sexually oriented offender. Under former R.C. Chapter 2950, Burbrink was required to annually register as a sexual offender for ten years.

{¶ 2} In 2007, the General Assembly enacted Am.Sub.S.B. No. 10 ("S.B. 10") to implement the federal Adam Walsh Child Protection and Safety Act of 2006. S.B. 10 amended various sections of R.C. Chapter 2950. Burbrink was notified that he had been reclassified under S.B. 10 as a Tier III sex offender and that he was required to register with the local sheriff every 90 days for life.

{¶ 3} On February 14, 2008, Burbrink filed a petition contesting his reclassification. At the October 16, 2008 hearing on Burbrink's petition, defense counsel submitted a copy of the transcript of the April 29, 2005 plea hearing. The trial court stated, "And then as part of the plea we talked about what classification he was going to be, and that was all part of the whole agreement of the case." The court further stated, "I don't think—I don't like to go back on deals when you promise somebody something. * * * I'll grant your motion contesting reclassification based on the fact that I think there was an agreement here." The court noted that Burbrink would still have to register as a sexually oriented offender until the ten years expired.

{¶ 4} We note that the trial court's entry, captioned "entry denying petition for reclassification," is confusing. The court's entry states that "the court denies the state's motion to reclassify. He remains a sexual offender with all reporting requirements in place." It is clear from the record that the court granted Burbrink's petition to contest his reclassification and determined that Burbrink was not subject to S.B. 10's tier-classification and registration requirements.

{¶ 5} The state has appealed and has raised one assignment of error for our review, which alleges that "the trial court erred in finding that a plea agreement as to a criminal charge constituted a contractual agreement as to a sexual offender's registration duties." The state argues that the retroactive application of S.B. 10's tier-classification and registration requirements did not violate the Contract Clause of the Ohio and United States Constitutions because it did not impair Burbrink's rights under any contract with the state of Ohio that, under his plea agreement, he would be obligated to register as a sex offender for only ten years. The application of S.B. 10's registration requirements, the state argues, does not constitute a breach of Burbrink's plea agreement or an impairment of his right to contract.

{¶ 6} Burbrink argues that reclassifying him as a Tier III sex offender under S.B. 10 would constitute a breach of his plea agreement and an impairment

of an obligation of contract in violation of Section 28, Article II of the Ohio Constitution and Clause I, Section 10, Article I of the United States Constitution.

{¶ 7} Section 28, Article II of the Ohio Constitution and Clause I, Section 10, Article I of the United States Constitution provide that no laws shall be passed that impair the obligation of contracts. "[A]ny change in the law which impairs the rights of either party, or amounts to a denial or obstruction of the rights accruing by contract, is repugnant to the Constitution."[1] Plea agreements are contracts between the state and criminal defendants.[2] Principles of contract law are applicable to the interpretation and enforcement of plea agreements.[3]

{¶ 8} The Fifth District Court of Appeals stated in *Sigler v. State*[4] that the "real issue is whether the law" in effect at the time the defendant entered into his plea bargain "provided that the General Assembly could change things, and * * * ex post facto and retroactivity principles do allow the General Assembly to impose new community notification on prior offenders. 'Not only are existing laws read into contracts in order to fix obligations as between the parties, but the reservation of essential attributes of sovereign power is also read into contracts as a postulate of the legal order.' "[5]

{¶ 9} At the time he entered his plea, Burbrink had no reasonable expectation that his sex offense would never be made the subject of future sex-offender legislation and no vested right concerning his registration duties.[6] "[W]here no vested right has been created, 'a later enactment will not burden or attach a new disability to a past transaction or consideration in the constitutional sense, unless the past transaction or consideration * * * created at least a reasonable expectation of finality.' "[7] Sex offenders have no expectation of finality in the consequences of the judgments against them.[8] The state could not

---

1. See *Kiser v. Coleman* (1986), 28 Ohio St.3d 259, 28 OBR 337, 503 N.E.2d 753.

2. See *State v. Netherland,* 4th Dist. No. 08CA3043, 2008-Ohio-7007, 2008 WL 5451339, citing *State v. Adkins,* 161 Ohio App.3d 114, 2005-Ohio-2577, 829 N.E.2d 729.

3. See *State v. Bethel,* 110 Ohio St.3d 416, 2006-Ohio-4853, 854 N.E.2d 150; *State v. Vega,* 1st Dist. No. C–020486, 2003-Ohio-1548, 2003 WL 1571749.

4. 5th Dist. No. 08–CA–79, 2009-Ohio-2010, 2009 WL 1145232.

5. See id., citing *El Paso v. Simmons* (1965), 379 U.S. 497, 85 S.Ct. 577, 13 L.Ed.2d 446.

6. See *State v. Cook* (1998), 83 Ohio St.3d 404, 700 N.E.2d 570.

7. See id., citing *State ex rel. Matz v. Brown* (1988), 37 Ohio St.3d 279, 525 N.E.2d 805; *State v. Randlett,* 4th Dist. No. 08CA3046, 2009-Ohio-112, 2009 WL 81325.

8. See *State v. Cook* at 415, fn. 5; *Sewell v. State,* 181 Ohio App.3d 280, 2009-Ohio-872, 908 N.E.2d 995.

and did not contract to bar the legislature from modifying sex-offender registration and notification statutes.[9] Burbrink had no vested contractual right with which the legislature could interfere.[10] Therefore, the retroactive application of S.B. 10's tier-classification and registration requirements does not violate the Contract Clause of the Ohio and United States constitutions.

{¶ 10} Future sex-offender registration and notification statutes are remedial and not punitive.[11] They are not punishment, and they are not part of any sentence imposed on the sex offender.[12] The new tier-classification and registration requirements are merely collateral consequences of the underlying criminal offense.[13] Therefore, they do not affect any plea agreement previously entered between the state and the defendant.[14]

{¶ 11} Under former R.C. Chapter 2950, Burbrink was a sexually oriented offender by operation of law. The state fulfilled its part of the plea agreement by not requesting a higher sexual-offender classification under the former law. The trial court accepted the plea agreement and classified Burbrink as a sexually oriented offender. Once Burbrink had pleaded guilty and the trial court had sentenced him, both Burbrink and the state had performed their respective parts of the plea agreement.[15] No action taken after that time could have breached the plea agreement.[16] The assignment of error is sustained.

{¶ 12} The judgment of the trial court is reversed, and the cause is remanded with instructions to the trial court to enter an order that Burbrink is subject to

---

9. See *Sigler v. State*, 2009-Ohio-2010, 2009 WL 1145232, at fn. 3.

10. See *State v. Randlett; Gildersleeve v. State*, 8th Dist. Nos. 91515 through 91519 and 91521 through 91532, 2009-Ohio-2031, 2009 WL 1156799; *Moran v. State*, 12th Dist. No. CA2008–05–057, 2009-Ohio-1840, 2009 WL 1040086; *Ritchie v. State*, 12th Dist. No. CA2008–07–073, 2009-Ohio-1841, 2009 WL 1040084.

11. See *Sewell v. State*, 181 Ohio App.3d 280, 2009-Ohio-872, 908 N.E.2d 995, at fn. 7.

12. See id.

13. See *State v. Paris* (June 16, 2000), 3rd Dist. No. 2–2000–04, 2000 WL 799090.

14. See *In re J.M.*, 8th Dist. No. 91800, 2009-Ohio-2880, 2009 WL 1710760; *State v. Patterson*, 6th Dist. No. E–08–052, 2009-Ohio-1817, 2009 WL 1027559; *State v. Paris* at fn. 12.

15. See *In re J.M.*, 2009-Ohio-2880, 2009 WL 1710760, at fn. 10; *State v. Netherland*, 2008-Ohio-7007, 2008 WL 5451339, at fn. 1; *Slagle v. State*, 145 Ohio Misc.2d 98, 2008-Ohio-593, 884 N.E.2d 109.

16. See id.

S.B. 10's tier-classification and registration requirements as a Tier III sex offender.

Judgment reversed
and cause remanded.

DINKELACKER, J., concurs separately.

HENDON, P.J., dissents.

DINKELACKER, Judge, concurring.

{¶ 13} I concur with the foregoing well-reasoned decision. I further write separately because I would also hold that the record in this case does not support the trial court's finding that there was an agreement between the state and Burbrink as to his sexual-offender classification and registration requirements. For a court to enforce a contract, the record must contain evidence of the terms of the contract. The record does not demonstrate that a ten-year registration requirement was a term of Burbrink's plea agreement.

{¶ 14} Under former R.C. Chapter 2950, Burbrink was classified by operation of law as a sexually oriented offender. As a sexually oriented offender, Burbrink had to register annually for ten years. The ten-year registration requirement existed by operation of law and not by virtue of any plea agreement.

HENDON, Presiding Judge, dissenting.

{¶ 15} I respectfully dissent. Both the Ohio and the United States Constitutions provide that no laws shall be passed that impair the obligations of contracts.[17] Any change in the law impairing the rights of parties to a contract, or denying or obstructing the rights accruing to either party under a contract, is unconstitutional.[18]

{¶ 16} A plea agreement is a contract between a criminal defendant and the state that is governed by contract-law principles.[19] The law in effect at the time a plea is entered is part of the contract.[20] The nature of the plea agreement must

---

**17.** See Section 28, Article II, Ohio Constitution; Clause I, Section 10, Article I, United States Constitution.

**18.** See *Kiser v. Coleman* (1986), 28 Ohio St.3d 259, 28 OBR 337, 503 N.E.2d 753, at fn. 1.

**19.** See *Ridenour v. Wilkinson*, 10th Dist. No. 07AP–200, 2007-Ohio-5965, 2007 WL 3293371, citing *Ankrom v. Hageman*, 10th Dist. No. 04AP–984, 2005-Ohio-1546, 2005 WL 737833, *State v. Butts* (1996), 112 Ohio App.3d 683, 679 N.E.2d 1170, and *Santobello v. New York* (1971), 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427.

**20.** See id.

be examined to determine the understanding of the parties at the time of the plea.[21] The United States Supreme Court stated in *Santobello v. New York*[22] that "when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled."

{¶ 17} Burbrink resolved the criminal charge against him by entering into a plea agreement with the state of Ohio. Prior to accepting the plea, the trial court stated that there was an agreement that Burbrink was to be classified as a sexually oriented offender. In fact, the trial court informed Burbrink about his registration requirements as a sexually oriented offender before accepting the plea. There was a clear meeting of the minds between the prosecutor and Burbrink that he was to be classified as a sexually oriented offender and that he would be required to register as a sex offender annually for ten years. The record supports the trial court's determination that Burbrink's sexual-offender classification under former R.C. Chapter 2950 was a bargained-for term of the plea agreement.

{¶ 18} I would hold that the plea agreement entered by Burbrink and the state was a valid contract, the terms of which provided that Burbrink was to be classified as a sexually oriented offender with a ten-year annual registration requirement, and that applying S.B. 10 to change Burbrink's classification and registration requirements violates the constitutional prohibition against laws that impair the obligation of contracts. I would affirm the judgment of the trial court.

---

21. See *State v. Pointer*, 8th Dist. No. 85195, 2005-Ohio-3587, 2005 WL 1653589, at ¶ 7.

22. See *Santobello*, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427, at fn. 17.