[Cite as *State v. Daniel*, **2022-Ohio-1348**.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio

Appellee

v.

Tyree K. Daniel

Appellant

Court of Appeals No.  L-21-1104

Trial Court No.  CR0201902973

**DECISION AND JUDGMENT**

Decided:  April 22, 2022

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Evy M. Jarrett, Assistant Prosecuting Attorney, for appellee.

Edward J. Stechschulte, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Appellant, Tyree K. Daniel, appeals the judgment entered by the Lucas

County Common Pleas court, sentencing him to three years of community control, with

60 days of incarceration at CCNO, and stating that he was given an "Explanation of

Duties to Register as an Arson Offender pursuant to O.R.C. 2950.032." For the reasons that follow, we affirm the trial court's judgment and remand to the trial court for a nunc pro tunc entry as described herein.

## Statement of the Case and the Facts

{¶ 2} On or about October 10, 2019, appellant and others were involved in setting fire to a studio structure at 3240 Lagrange Street, in Toledo, Ohio.

{¶ 3} On November 12, 2019, appellant was indicted on one count of aggravated arson in violation of R.C. 2909.03(A)(1), (B)(1), and (B)(2), a felony of the first degree ("Count 1"), and one count of aggravated arson in violation of R.C. 2909.03(A)(2), (B)(1), and (B)(3), a felony of the second degree ("Count 2").

{¶ 4} On January 16, 2020, appellant entered a guilty plea to Count 2 as amended, which charged him with arson, in violation of R.C. 2909.03(B)(1) and (D)(1),(2), a felony of the fourth degree. Pursuant to the plea agreement, the state of Ohio agreed to dismiss Count 1 at the time of sentencing.

{¶ 5} Under R.C. 2909.15(D)(2)(b), appellant is required to register as an arson offender upon sentencing. An initial sentencing hearing was held on March 31, 2021. At that hearing, appellant's counsel objected to R.C. 2909.15(D)(2)(b) as unconstitutional, on the grounds that the statutory provision violates the separation of powers doctrine. R.C. 2909.15(D)(2)(b) requires lifetime registration on the arson registry except that "the judge may limit an arson offender's duty to reregister at an arson offender's sentencing

2.

hearing to not less than ten years if the judge receives a request from the prosecutor and the investigating law enforcement agency to consider limiting the arson offender's registration period." The trial court found appellant's objection not well-taken and denied the same, concluding that it did not appear beyond a reasonable doubt that the statute was, in fact, unconstitutional.

{¶ 6} On April 28, 2021, the trial court sentenced appellant to three years of community control, with 60 days of incarceration at CCNO. The state did not request a reduced period of registration, and the trial court notified appellant of his duties to register as an arson offender for a period of life.

**Assignments of Error**

{¶ 7} Appellant asserts the following assignments of error on appeal:

> I. Ohio Revised Code § 2909.15(D)(2)(b) is Unconstitutional as it Violates the Separation of Powers Doctrine.

> II. The Trial Court erred in sentencing Appellant to register pursuant to R.C. § 2950.032.

**Analysis**

{¶ 8} The Ohio General Assembly passed legislation requiring mandatory registration for all arson offenders. Am.Sub.S.B. No. 70, R.C. 2909.14(A). Effective July 1, 2013, an offender who meets the definition of an "arson offender" must register annually for life. R.C. 2909.15(D)(2)(a). An "arson offender" is one who has been

3.

convicted of or pleaded guilty to an arson-related offense, as well as one who is serving a term of imprisonment for an arson-related offense as of July 1, 2013. R.C. 2909.13(B)(1),(2). A limited exception to the mandatory lifetime registration requirement permits a trial court to reduce the reporting period to a specified term not less than ten years, but only upon the request of the prosecutor and the investigating law enforcement agency. R.C. 2909(D)(2)(b).

{¶ 9} Appellant, in his first assignment of error, challenges the constitutionality of R.C. 2909.15(D)(2)(b), claiming that statutory provision violates the separation of powers doctrine. In conducting this analysis, we are mindful that "'[t]he constitutionality of a statute or regulation is a question of law to be reviewed de novo.'" *State v. Towns*, 6th Dist. Williams No. WM-19-023, 2020-Ohio-5120, ¶ 38, *appeal allowed*, 161 Ohio St.3d 1449, 2021-Ohio-534, 163 N.E.3d 586, quoting *State v. Whites Landing Fisheries, LLC,* 2017-Ohio-4021, 91 N.E.3d 315, ¶ 15 (6th Dist.). (Additional citations omitted.) "When considering the constitutionality of a statute, [a reviewing court] 'presume[s] the constitutionality of the legislation, and the party challenging the validity of the statute bears the burden of establishing beyond a reasonable doubt that the statute is unconstitutional'" *Towns* at ¶ 38, citing *Dayton v. State*, 151 Ohio St.3d 168, 2017-Ohio-6909, 87 N.E.3d 176, ¶ 12. (Additional citations omitted.) "Parties have a 'heavy burden' when attempting to rebut the presumption of constitutionality." *Towns* at ¶ 38, citing *Dayton* at ¶ 12. (Additional citations omitted.)

4.

**Separation of Powers Doctrine**

{¶ 10} The Supreme Court of Ohio has held that "[a]lthough the Ohio Constitution does not contain explicit language establishing the doctrine of separation of powers, it is inherent in the constitutional framework of government defining the scope of authority conferred upon the three separate branches of government." *State v. Sterling*, 113 Ohio St.3d 255, 2007-Ohio-1790, 864 N.E.2d 630, ¶ 22. "It 'represents the constitutional diffusion of power within our tripartite government. The doctrine was a deliberate design to secure liberty by simultaneously fostering autonomy and comity, as well as interdependence and independence, among the three branches.'" *State v. Bodyke*, 126 Ohio St.3d 266, 2010-Ohio-2424, 933 N.E.2d 753, ¶ 42, quoting *Norwood v. Horney*, 110 Ohio St.3d 353, 2006-Ohio-3799, 853 N.E.2d 1115, ¶ 114.

{¶ 11} "While no exact rule can be set forth for determining what powers of government may or may not be assigned by law to each branch, * * * '[i]t is nevertheless true, in the American theory of government, that each of the three grand divisions of the government, must be protected from encroachment by the others, so far that its integrity and independence may be preserved.'" *S. Euclid v. Jemison*, 28 Ohio St.3d 157, 159, 503 N.E.2d 136 (1986), quoting *Fairview v. Giffee,* 73 Ohio St. 183, 187, 76 N.E. 865 (1905) (internal citation omitted). "The essential principle underlying the policy of the of the division of powers of government into three departments is that powers properly belonging to one of the departments ought not to be directly and completely administered

5.

by either of the other departments, and further that none of them ought to possess directly or indirectly an overruling influence over the others." *Bodyke* at ¶ 44. Stated otherwise, "the separate powers of the government are not required to be kept entirely separate and distinct, in the sense that there must be no common link of connection or dependence, but rather that the 'whole power of one of these departments should not be exercised by the same hands which possess the whole power of either of the other departments.'" *Stanton v. State Tax Com.*, 114 Ohio St. 658, 664, 151 N.E. 760 (1926). Thus, for example, "an act by the [executive branch] within [its] constitutional or statutory authority will not breach the doctrine of the separation of powers unless such act is truly beyond [its] authority [either constitutional or statutory] and encroaches on the authority of the legislature or of the courts." *State ex rel. AFSCME v. Taft*, 156 Ohio App.3d 37, 2004-Ohio-493, 804 N.E.2d 88, ¶ 47 (3d Dist.).

**Judicial Power**

{¶ 12} Section 1, Article IV of the Ohio Constitution provides that judicial power resides in the judicial branch. "The determination of guilt in a criminal matter and the sentencing of a defendant convicted of a crime are solely the province of the judiciary." *State ex rel. Bray v. Russell*, 89 Ohio St.3d 132, 136, 729 N.E.2d 359 (2000). In addition, the judicial branch is endowed with the inherent power of judicial review. *See Derolph v. State*, 78 Ohio St.3d 193, 198, 677 N.E.2d 733 (1997), citing *Marbury v. Madison*, 5 U.S. (1 Cranch) 137, 178, 2 L.Ed. 60 (1803) (holding that "[u]nder the long-standing doctrine

6.

of judicial review, it is our sworn duty to determine whether the General Assembly has enacted legislation that is constitutional.").

{¶ 13} Significantly, however:

> Judges have no inherent power to create sentences. * * * Rather, judges are duty-bound to apply sentencing laws as they are written. * * * '[T]he only sentence which a trial court may impose is that provided for by statute. A court has no power to substitute a different sentence for that provided for by statute or one that is either greater or lesser than that provided for by law.'

*State v. Taylor*, 138 Ohio St.3d 194, 2014-Ohio-460, 5 N.E.3d 612, ¶ 18, quoting *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 22. "It has long been recognized in this state that the General Assembly has the plenary power to prescribe crimes and fix penalties." *State v. Morris*, 55 Ohio St.2d 101, 112, 378 N.E.2d 708 (1978). Thus, "[t]he discretionary power of judges to sentence is granted by the legislature and can be circumscribed by the legislature." *State v. Dopart*, 9th Dist. Lorain No. 13CA010486, 2014-Ohio-2901, ¶ 7 (quotation omitted).

{¶ 14} In short, the General Assembly defines, classifies, and prescribes punishment, and the judiciary imposes that punishment through its statutory authority. *See State v. Bates*, 118 Ohio St.3d 174, 2008-Ohio1983, 887 N.E.2d 328, ¶ 12-13.

7.

**{¶ 15}** Appellant argues that R.C. 2909.15(D)(2)(b) violates the separation of powers doctrine by violating the judiciary's power to sentence a defendant in a criminal matter, inasmuch as the statute allows the trial court to reduce an arson offender's mandatory lifetime registration period only upon the request of the prosecutor and the investigating law enforcement agency. Specifically, appellant argues that R.C. 2909.15(D)(2)(b) implicates sentencing in two ways: (1) it strips the trial court of judicial discretion at sentencing and gives that power to the prosecutor; and (2) imposing the arson registration is part of a defendant's sentence because mandatory registration is "punitive."

**{¶ 16}** In *State v. Dingus*, 2017-Ohio-2619, 81 N.E.3d 513 (4th Dist.), the Fourth District Court of Appeals determined that R.C. 2909.15(D)(2)(b) violates the separation of powers doctrine, holding as follows:

> By depriving the trial court of the ability to act without the request of the prosecutor and the investigating law enforcement agency, the trial court's independence is compromised. The prosecutor and the investigating law enforcement agency effectively decide which registration periods can be reviewed by the trial court; thus, the prosecutor and the investigating law enforcement agency have an 'overruling influence' over the trial court. *Id.* at ¶ 31.

8.

{¶ 17} In reaching this conclusion, the court in *Dingus* appears to rely in large part on the Supreme Court of Ohio's decision in *State v. Sterling*, 113 Ohio St.3d 255, 2007-Ohio-1790, 864 N.E.,2d 630. *Sterling* involved a statute that authorized a prosecuting attorney to disagree with an application for DNA testing that was presented by an inmate who had pleaded guilty or no contest to a felony offense. The disagreement was final and not appealable by any person to any court. The statute further provided that no court would have authority, without the prosecutor's agreement, to order DNA testing. Reasoning as follows, the Supreme Court of Ohio concluded that the statute was unconstitutional, as a violation of the separation of powers doctrine:

> Insofar as the statute authorizes a prosecuting attorney to agree or disagree with an inmate's request for DNA testing, it comports with the exercise of authority by the executive department of government because the prosecutor is charged with the responsibility to prove guilt beyond a reasonable doubt. However, those portions of the statute that make the prosecuting attorney's disagreement final, and not appealable to any court, and that deprive the court of its ability to act without the prosecutor's agreement interfere with the court's function in determining guilt, which is solely the province of the judicial branch of government. * * *

> Accordingly, [the statute] violates the doctrine of separation of powers and is therefore unconstitutional. *Id.* at ¶ 35.

9.

**{¶ 18}** We disagree with the Fourth District's analysis and conclusion in *Dingus*, primarily because we do not find that the analysis set forth in *Sterling* is applicable to the matter at hand. *Sterling* involved a wholly different statute and the implication of a wholly different judicial power than those at issue in the instant case. The statute that was at issue in *Sterling* implicated the judiciary's power to determine guilt. *See Sterling* at ¶ 35. R.C. 2909.15(D)(2)(b), on the other hand, potentially implicates the judiciary's power of sentencing. Thus, the relevant in inquiry herein is whether reducing an arson offender's registration period under R.C. 2909.15(D)(2)(b) involves the sentencing of a defendant convicted of a crime.

**{¶ 19}** We begin by recognizing that because the arson registration statute is not punitive, its registration requirements do not constitute an aspect of a criminal sentence. Under R.C. 2929.01(E)(E), "sentence" is defined as "the sanction or combination of sanctions imposed by the sentencing court on an offender who is convicted of or pleads guilty to an offense." Under R.C. 2929.01(D)(D), "sanction" is defined as "any penalty imposed upon an offender who is convicted of or pleads guilty to an offense, as punishment for the offense." "Simply put, a sentence is a penalty or combination of penalties imposed on a defendant as punishment for the offense he or she is found guilty of committing." *State v. Harris,* 132 Ohio St.3d 318, 2012-Ohio-1908, 972 N.E.2d 509, ¶ 28. This court has expressly held that "the statutory obligation to register as an arson offender is [remedial and] not punitive." *State v. Jones*, 6th Dist. Lucas No. L-16-1014,

10.

2017-Ohio-413, ¶ 27; *see also State v. Wright*, 2021-Ohio-364, 167 N.E.3d 1037, ¶ 15 (6th Dist.) (holding that classification as an arson offender is a collateral consequence of the offender's criminal acts rather than a form of punishment per se). Because the statutory obligation to register as an arson offender is remedial and not punitive, it is not punishment or part of any sentence imposed on the arson offender and, thus, does not implicate the judiciary's power of sentencing. *See, e.g., Burbrink v. State*, 185 Ohio App.3d 130, 2009-Ohio-5346, 923 N.E.2d 626, ¶ 10 (1st Dist.) (holding that a prior version of the sex-offender registration and notification statutes were remedial and not punitive, and thus, were not punishment or part of any sentence imposed on the sex offender).

{¶ 20} In an attempt to avoid this determination, appellant urges this court to reconsider its earlier decision that the arson registry statute is not punitive by applying certain factors that were considered by the Supreme Court of Ohio in its decision determining that sex offender registration and notification requirements *are* punitive. *See State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374, 952 NE.2d 1108. In support of his position, appellant claims that "[a]t least six factors discussed in *Williams* support a finding that the arson offender registry is punitive: (1) it is placed within R.C. Title 29, Ohio's criminal code; (2) the failure to register subjects an offender to criminal prosecution; (3) the registration requirements are automatic; (4) there is no entitlement to a hearing prior to classification; (5) there is no opportunity for the court to review the

11.

appropriateness of the classification; and (6) reporting is a lifetime requirement, with the limited exception set forth in R.C.2909.15(D)(2)(b).

{¶ 21} Applying the *Williams* analysis to the arson-offender registration provisions, the First District Court of Appeals, in *State v. Caldwell*, 2014-Ohio-3566, 18 N.E.3d 467 (1st Dist.), concluded as follows:

> The arson-offender registration statutes do bear similarities to those pertaining to the sex-offender registry. Both the sex-offender and arson-offender registration schemes have been placed within R.C. Title 29 – Ohio's criminal code. *See Williams* at ¶11. The failure to register under either scheme subjects offenders to criminal prosecution. *See id.* Arson offenders are automatically subject to registration requirements upon conviction for any arson-related offense, 'without regard to the circumstances of the crime or [their] likelihood to reoffend.' *See id.* at ¶ 16. They are not entitled to a hearing prior to classification, nor is there any opportunity for the court to review the appropriateness of the classification. *See id.* at ¶ 19. Further, arson offenders are automatically subject to a lifetime reporting requirement – with a limited exception that permits the trial court to reduce their reporting requirement to no less than ten years, upon the request of the prosecutor and investigating officer. R.C. 2909.15(D)(2)(b).

Nonetheless, the arson-offender registration statutes differ from the sex-offender provisions in significant ways. Sex offenders must register in potentially three different counties – those in which they reside, work, and attend school – and some must register as frequently as 90 days. *Williams* at ¶ 13. In contrast, arson offenders need only register annually in the county in which they reside. The *Williams* court emphasized the stigma that follows from an offender's placement on the public sex-offender registry. *Id.* Conversely, the arson-offender registry is visible only to certain law-enforcement personnel. The sex-offender statutes impose stringent restrictions on where the offender is permitted to reside, whereas arson offenders are not subject to any residential restrictions. *Id.* And while arson-registry violations may subject the offender to later prosecution, we think it notable that the failure to register is a low-level felony that carries a presumption of probation. R.C. 2909.15(H). This is markedly different from the failure of a sex offender to register, which constitutes a felony of the same degree as that of the underlying conviction. *See* R.C. 2950.99. For example, if a sex offender who committed a first-degree felony sex offense fails to register, that failure to register constitutes another first-degree felony with a potential punishment of up to 11 years in prison. R.C. 2950.99(A)(1)(a) and 2929.14(A)(1). In view of these

13.

considerable differences, we cannot say that the arson-offender registration

requirements are so punitive that they impose a new burden in the

constitutional sense. *Id.* at ¶ 33-34.

We agree with the analysis set forth in *Caldwell* and, on that basis, decline to alter our

previous determination that the arson registry statute is not punitive.

{¶ 22} Even assuming, arguendo, that R.C. 2909.15(D)(2)(b) *does* involve the

judicial power of sentencing, we nevertheless conclude that the General Assembly's

exercise of power in creating the arson registration statute did not result in an

impermissible intrusion upon the court's function in imposing sentence. Appellant

argues that because lifetime registration is mandatory unless the executive branch

recommends otherwise, "the prosecutor and the agency hold a veto power over the trial

court's discretion." We are not persuaded, however, by appellant's characterization of

the statute as encroaching upon judicial authority. Instead, we find that the General

Assembly, through its creation of R.C. 2909.15(D)(2)(b), *establishes* an aspect of judicial

discretion that is triggered by, and becomes available as a result of, the executive branch

recommendation. Thus, the statute puts into place, rather than infringes upon, the

judiciary's authority to sentence a defendant to a reduced arson registration period.

Stated differently, the General Assembly, through its creation of R.C. 2909.15(D)(2)(b)

and the requirement for an executive branch recommendation, merely circumscribes the

discretionary power that it grants to judges to sentence a defendant to a reduced

14.

registration period. *See Dopart*, 9th Dist. Lorain No. 13CA010486, 2014-Ohio-2901, at ¶ 7. In addition, although the executive branch recommendation is a precondition for discretion, it does not interfere with or remove a court's discretion, because the recommendation does not bind the court to act in accordance with the recommendation. As indicated above, the doctrine of separation of powers does not require that the three branches of government "be kept entirely separate and distinct, in the sense that there must be no common link of connection or dependence, but rather that the whole power of one of these departments should not be exercised by the same hands which possess the whole power of either of the other departments." *Stanton*, 114 Ohio St. 658 at 664, 151 N.E. 760.

{¶ 23} Based on this analysis, we disagree with the court's conclusion in *Dingus* that R.C. 2909.15(D)(2)(b) both compromises the trial court's independence and results in the prosecutor and the investigating law enforcement agency having an overruling influence over the judiciary. *See Dingus* at ¶ 31. Instead, it is our determination that -- whether or not the executive branch issues a recommendation under the statute -- in the proper exercise of R.C. 2909.15(D)(2)(b), the integrity and independence of the judiciary is fully preserved, without any constitutionally prohibited "overruling influence" by the executive branch. *See Jemison*, 28 Ohio St.3d 157 at 159, 503 N.E.2d 136.

{¶ 24} In an attempt to avoid this conclusion, appellant argues that the state's role in making the R.C. 2909.15(D)(2)(b) recommendation cannot be attributed to any

relevant executive power. To the contrary, the arson offender registry "allows law enforcement officials to remain vigilant about possible recidivism by arson offenders" and, thus, "objectively serves the remedial purpose of protecting the local community from repeat arson offenders." *State v. Reed*, 2014-Ohio-5463, 25 N.E.3d 480, ¶ 79 (11th Dist.). It was therefore reasonable for the General Assembly to grant prosecutors and police a measure of discretion to decide whether an arson offender ought to register for a period of life or ten years. That the General Assembly conditioned judicial discretion to reduce the registration period upon a request from law enforcement officials was also reasonable, because law enforcement officials are in the best position to determine how best to exercise their enforcement powers to protect the public from repeat offenders. *See Marbury v. Madison*, 5 U.S. (1 Cranch) 137, 170, 2 L.Ed.60 (1803) ("The province of the court is, solely, to decide on the rights of individuals, not to enquire how the executive, or executive officers, perform duties in which they have a discretion.").

{¶ 25} Appellant next argues that R.C. 2909.15(D)(2)(b) violates the doctrine of separation of powers by violating the judicial power of appellate review, inasmuch as the prosecutor's and investigating law enforcement agency's decision whether to recommend a reduced arson registration period is final and non-appealable. As indicated above, although the executive branch recommendation is a precondition for discretion, it does not encroach upon a court's discretion, because it does not bind the court to act in accordance with the recommendation. Thus, where there is no recommendation, the

16.

court must impose a lifetime period of registration and there is no judicial discretion to review on appeal. On the other hand, where there is a recommendation, the court has full discretion to choose between a lifetime reporting period or a reduced reporting period of not less than ten years, and the appellate court has subject matter jurisdiction to review the exercise of that judicial discretion. It stands to reason that where an executive decision made pursuant to statutory authority does not encroach upon an inherent power of the judicial branch, the executive decision does not offend the doctrine of the separation of powers simply because it is not subject to appellate review. *See Marbury* at 1105 ("The province of the court is, solely, to decide on the rights of individuals, not to inquire how the executive, or executive officers, perform duties in which they have a discretion.").

{¶ 26} Presuming, as we must, the constitutionality of the legislation, we find that appellant has failed to establish beyond a reasonable doubt that the statute is unconstitutional. *See Towns*, 6th Dist. Williams No. WM-19-023 at ¶ 38, 2020-Ohio-5120. Accordingly, appellant's first assignment of error is found not well-taken.

{¶ 27} Appellant argues in his second assignment of error that the trial court erred in sentencing appellant to register pursuant to R.C. 2950.032. The judgment entry from which appellant appeals provides that appellant was given an explanation of duties to register as an arson offender pursuant to "O.R.C.2950.032." R.C. 2950.032, entitled "Determination of sex offender classification tier for those serving prison term; juvenile

17.

offender; hearing; notice," clearly is inapplicable to this case. The sentencing transcript reveals, however, that the trial court, after confirming with the state that it would not be asking for a lesser period of time, advised appellant that because he had been convicted of an arson offense, appellant would be required to register in person with the sheriff of the county in which he lives within ten days of being released from any incarceration or within ten days of the date of sentencing with the following information:

> Your Social Security Number along with your full name and any alias. You have to provide your residence address, you have to give information regarding this offense that you were convicted of, you have to give any physical description of distinguishing marks on your person. You have to give addresses of any place of employment or school. You have to give your driver's license number, if you have one, or any state identification card number if one has been issued to you. The license plate of any vehicle owned or operated by you along with a description of any vehicle that you are known to drive.

{¶ 28} The court further advised:

> They're going to take your finger and palm print along with a photograph. You have to submit a registration fee of $50 unless the sheriff decides to waive that fee. You will have to re-register every year on a once a year, annual basis for the rest of your life and you have to update or

amend any of this information if it changes within 10 days of the

anniversary date of today's date or actually date that you actually register.

Also have to pay $25 registration fee.

The trial court additionally noted that the registration requirement was for life.

{¶ 29} Crim.R. 36 provides that "[c]lerical mistakes in judgments, orders, or other parts of the record and errors in the record arising from oversight or omission, may be corrected by the court at any time." A nunc pro tunc entry "is a vehicle used to correct an order issued which fails to reflect the court's true action." *State v.* Hodges, 1st Dist. Hamilton No. C-990516, 2001 WL 698135 (June 22, 2001). It is axiomatic that "a court possesses authority to correct errors in judgment entries so that the record speaks the truth." *State v.* Chislton, 8th Dist. Cuyahoga No. 108840, 2021-Ohio-697, ¶ 15. Here, there is no question but that the trial notified appellant at the sentencing hearing of his duty to register pursuant to the arson registry statutes, set forth at R.C. 2909.14 and 2909.15, and not pursuant to the sex offender classification statute set forth at R.C. 2950.032. Appellant's second assignment of error is therefore found well-taken.

{¶ 30} Because our conclusion and analysis with respect to appellant's first assignment of error is in direct conflict with the Fourth District's opinion in *Dingus, supra,* we sua sponte certify a conflict to the Supreme Court of Ohio on the following question: "Does R.C. 2909.15(D)(2)(b) unconstitutionally violate the doctrine of

19.

separation of powers?" The parties are directed to S.Ct.Prac.R. 5.03 and S.Ct.Prac.R. 8.01 for guidance.

{¶ 31} For all of the foregoing reasons, the judgment of the Lucas County Common Pleas Court is affirmed. We remand this matter to the trial court for the limited purpose of issuing a nunc pro tunc entry to reflect that appellant is to register as an arson offender, pursuant to R.C. 2909.14 and 2909.15. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed
and remanded.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.
_____
JUDGE
Christine E. Mayle, J.

Myron C. Duhart, P.J.
_____
JUDGE
CONCUR.

_____
JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions. Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.