[Cite as *State v. McDowell*, 2024-Ohio-1209.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio                                    Court of Appeals No.    WD-23-026

     Appellee                              Trial Court No. 2022CR0515

v.

James Williard McDowell, III          **DECISION AND JUDGMENT**

     Appellant                            Decided: March 29, 2024

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney, and
David T. Harold, Chief Assistant Prosecuting Attorney, for appellee.

Neil S. McElroy, for appellant.

* * * * *

**DUHART, J.**

{¶ 1} This case is before the court on appeal by appellant, James Willard McDowell, III, from the April 17, 2023 judgment of the Wood County Common Pleas Court. For the reasons that follow, we affirm the trial court's judgment, but remand to the trial court for a nunc pro tunc entry as described herein.

## Assignment of Error

The trial court violated Mr. McDowell's right to allocution and due process when it made findings in the Judgment Entry that were inconsistent with those made during the sentencing hearing.

## Background

**{¶ 2}** On February 21, 2023, appellant entered a plea of guilty to one count of kidnapping, a violation of R.C. 2905.01(B)(1), (C)(1), a felony of the first degree. The court accepted the plea and found appellant guilty. A sentencing hearing was held on April 13, 2023. Both appellant and the victim spoke. Then, prior to imposing sentence, the judge made the following comments relevant to this appeal.

THE COURT: * * * Kidnapping is a felony of the first degree, there is a presumption in favor of prison. The Court has reviewed the principles and purposes of sentencing in 2929.11, I've also reviewed the seriousness and recidivism factors in 2929.12. Two factors showing that his conduct is more serious; the victim suffered serious physical and psychological harm. Also, the offender's relationship with the victim facilitated the offense. There's no factors showing that it's less serious. There is a factor showing that he is more likely to commit future crime, and that's - - I'm going to say that he - - I can see his remorse today, but I don't find that he has remorse. I'm comparing the statements that he made during the presentence investigation and the statements today with the

allegations that were made by the victim that were - - I think, were confirmed by the State's witnesses that they brought forth today. The witnesses and the victim seemed to disagree with Mr. McDowell's interpretation of what happened on May 30th. Being that, one, that they all think that Mr. McDowell forced the victim into the vehicle. She didn't want to go anywhere, she was screaming, I don't want to go with you, I'm afraid that you're going to hurt me. Again, victim stated that. Those statements were confirmed by the witnesses that the State intended to call. I mean, such a - - I think such a gross misinterpretation of the events by Mr. McDowell shows that he does not have remorse. There are some factors that show that he's less likely to commit future crime, those being that he has no prior juvenile delinquency adjudication. Also, *I will note that he does have a very limited criminal history, couple of misdemeanors but nothing significant. And, again, that would show that he's less likely to commit future crime.* Mr. McDowell made many statements about his being a family man or being a good parent. This Court, today, is not here to determine whether Mr. McDowell is 100 percent bad or 100 percent good, the Court's here today to determine an appropriate sentence for the actions that occurred on May 30th of 2022. Several text messages, coupled --well, Mr. McDowell, I think you need to accept the fact that the text messages, although you would never -- you claim to never want to follow

through on those text messages and those are a result of your anger, those text messages coupled with your actions on the date of the 30th show a different story. And maybe what was going on in your head was different, but the perception that that creates and the end result, clearly, is a different case that what is going on in your head. * * * (Emphasis added.)

{¶ 3} The court then considered the record, the statements made at the hearing, "the principles and purposes of sentencing, the seriousness and recidivism factors relevant to the offense and the offender, [and] * * * the need for deterrence, incapacitation, rehabilitation and restitution" and found a prison sentence "consistent with the principles and purposes of sentencing." The court also found appellant was not amenable to community control based upon "the seriousness of his conduct [and] the impact of his actions on the victim" and further found that a prison sentence was "reasonably necessary to deter Mr. McDowell from committing future crimes, and reasonably necessary to protect the public and the victim." The court sentenced appellant to a minimum of six years in prison and an indefinite maximum term of nine years.

{¶ 4} In contradiction to the judge's statements at trial, the judgment entry formalizing appellant's sentence stated, inter alia, that the court found "Offender has a history of criminal convictions" to be a factor showing a *higher* likelihood of recidivism, and the only factor showing a *lower* likelihood of recidivism to be that "Offender has no prior juvenile delinquency adjudication."

{¶ 5} Appellant appealed.

4.

**Analysis**

{¶ 6} Appellant contends that the trial court violated his rights to allocution and due process when it listed his criminal history as a factor showing a higher likelihood of recidivism, and a basis for its sentence, in the judgment entry. He argues that he had no opportunity to address the trial court's finding in the judgment entry that his "history of criminal convictions" made the offense more serious when considering the R.C. 2929.12 factors, especially in light of the fact that this finding was contrary to the trial court's comments at the sentencing hearing.

{¶ 7} The state counters that the statement in the judgment entry was merely "a scrivener's error" that did not affect the judgment and can be corrected with a nunc pro tunc entry.

{¶ 8} The record shows that the trial court afforded appellant his right of allocution prior to imposing his prison term. As a result, appellant's argument that he was denied allocution because the trial court's findings were not accurately reflected in the judgment entry is unfounded and his assigned error is without merit. Put simply, the error in the judgment entry is not a reversible error but merely a scrivener's error that may be corrected on remand.

{¶ 9} "Crim.R. 36 provides that '[c]lerical mistakes in judgments, orders, or other parts of the record and errors in the record arising from oversight or omission, may be corrected by the court at any time.' A nunc pro tunc entry 'is a vehicle used to correct an order issued which fails to reflect the court's true action.' It is axiomatic that 'a court

5.

possesses authority to correct errors in judgment entries so that the record speaks the truth.'" (Citations omitted.) *State v. Daniel*, 2022-Ohio-1348, 188 N.E.3d 671, ¶ 29 (6th Dist.). Here it is clear from the court's comments at the sentencing hearing that appellant's criminal history was considered as a factor supporting the conclusion that he was *less likely* to commit future crimes, and the statement to the contrary in the judgment entry was merely a clerical mistake that can be corrected with a nunc pro tunc entry.

{¶ 10} Accordingly, we find appellant's assignment of error not well-taken. We affirm the judgment of the Wood County Common Pleas Court. We remand this matter to the trial court for the limited purpose of issuing a nunc pro tunc entry to reflect that the trial court found that appellant's history of criminal convictions to be a factor showing a lower likelihood of recidivism. Pursuant to App.R. 24, appellant is hereby ordered to pay the costs incurred on appeal.

Judgment affirmed
and remanded.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Thomas J. Osowik, J.                    _____
                                                        JUDGE

Christine E. Mayle, J.

Charles E. Sulek, P.J.                 _____
CONCUR.                                              JUDGE


                                               _____
                                                        JUDGE


This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.